## CATHARINE FAHS *et al.*

### *v.*

## ADALINE DARLING *et al.*

1. JURISDICTION—*agreement not to prosecute a writ of error.* An agreement not to take a case to this court on appeal or writ of error, which is broken, is not such a fraud as to deprive the court of its jurisdiction. Jurisdiction, so far as relates to the subject matter, depends not upon the agreement of the parties, but on the law.

2. SAME—*finding as to, conclusive when assailed collaterally.* Where this court proceeds to give judgment on a writ of error, where publication of notice is made as to the defendant in error, it necessarily passes upon the question of jurisdiction as to his person, and finds in favor of the same, and this finding is conclusive, unless set aside by this court in a direct application for that purpose.

3. JUDGMENT—*in violation of agreement.* If parties make agreements that suits shall not be brought, or prosecuted or appealed, which are subsequently violated, they must either apply to the court before which the cause is pending before it has passed from its jurisdiction, or resort to an action on the agreement, for relief.

4. INJUNCTION BOND—*reversal of judgment sought to be enjoined, as a defense.* In a suit upon an injunction bond, given in a case seeking to enjoin the collection of a judgment, which is conditioned for the payment of the judgment in case the injunction is dissolved, it seems that a reversal of the judgment at law, before suit is brought on the bond, is a good defense.

WRIT OF ERROR to the Circuit Court of Richland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. B. B. SMITH, and Mr. H. HAYWARD, for the plaintiffs in error.

Mr. C. A. BEECHER, Mr. R. P. HANNA, and Mr. R. D. ADAMS, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was brought against Andrew Darling, in his lifetime, by appellant and William T. Shelby, who sued for her use, on a bond executed by Marshall O. Roberts and others, as trustees of the Ohio and Mississippi Railroad Company, and Andrew Darling and John W. Miller, their sureties, for the purpose of obtaining an injunction to restrain the collection of a judgment obtained by appellant and her husband, John Fahs, against the Ohio and Mississippi Railroad Company, in the circuit court of Edwards county, for the sum of $4000.

The issues presented by the pleadings, so far as material to the questions before us, are as follows: It is alleged in the declaration, that the bill for injunction was taken, by change of venue, to the circuit court of St. Clair county, where, at the September term, 1865, of that court, the injunction was dissolved and the bill dismissed; and it is alleged, as a breach of the bond, that the judgment sought to be enjoined remains unpaid.

To this breach the 5th plea alleges, as a defense, that the judgment sought to be enjoined was, at the November term, 1860, of this court, "reversed, remanded and set aside, and for naught esteemed."

Five replications were filed to this plea:

1st. *Nul tiel record.*

2d. That the service and constructive notice by which plaintiffs were brought into this court, at the time when, etc., were insufficient, by reason of proper notice of publication not having been given.

3d.   That Homes, attorney for the Ohio and Mississippi Railroad Company, perpetrated a fraud upon plaintiff's attorneys, by stating that he would not take said cause to this court, and that afterwards the cause was taken to this court, and, the plaintiffs being non-residents, service was had by publication, knowledge of which never came to the plaintiffs.

4th.   Substantially the same as the third.

5th.   That this court, at the time of the reversal of the judgment of the circuit court, had not jurisdiction of the plaintiffs.

Demurrers were sustained to the 2d, 3d and 4th replications, and issues were joined on the 1st and 5th.

The record of this court, in the case mentioned in the 5th plea, was, among other things, given in evidence, and the judgment of the court was for the defendant.

The questions discussed arise on the ruling of the court in sustaining demurrers to the replications, and the sufficiency of the evidence to sustain the 5th plea under the issues thereon, presented by the 1st and 5th replications.

We are aware of no authorities going to the length of holding that a statement of counsel, or a promise, even, by him, that he will not take a case from a lower court to this court, has the effect to deprive this court of jurisdiction in the case, when it is subsequently brought here on appeal or by writ of error, contrary to the statement or promise.   The authorities cited by the counsel for appellant, *Rae* v. *Hulbert et al.* 17 Ill. 572, and *Carr* v. *Miner*, 42 id. 179, certainly do not do so. They recognize the general doctrine, that fraud will vitiate a judgment, but they furnish no sanction for the position that what, at the utmost, is but a breach of an executory agreement, is a fraud which will oust the court of jurisdiction.

The jurisdiction of courts, so far as relates to the subject matter of litigation, depends not on the agreement of parties, but on the law; and where parties make agreements that suits shall not be brought, or prosecuted or appealed, which are subsequently violated, they must either apply to the court before which the cause is pending before it has passed from

its jurisdiction, or resort to an action on the agreement, for relief.

It does not comport with the solemn and permanent character of the judgment, that it shall be liable to be set aside and annulled, at however remote a period, upon parol proof, simply, that it was obtained in violation of the terms of an agreement.

Whether the defendants in the writ of error had the constructive notice required by the rules of practice of this court to bring them before the court, and give jurisdiction to proceed in the case, was one of the questions this court had to determine before rendering judgment. It heard evidence upon the question, and determined it by proceeding to render judgment. This determination is final and conclusive, unless set aside by this court on a direct application for that purpose. Its correctness can not be made an issue in the circuit court.

We are of opinion there is no error of law or fact in the record before us, and the judgment is, therefore, affirmed.

*Judgment affirmed.*