# Frank M. Blair v. National Shirt & Overalls Company.

## Gen. No. 13,504.

1.  INSURANCE—*construction of clause of policy of, issued under the Lloyd's system.* A judgment of a justice of the peace may constitute such an adjudication as is contemplated by a policy of insurance issued under the Lloyd's system, containing a provision as follows:

"No suit or other proceedings at law or in equity shall in any event be begun or maintained for the recovery of any claim upon, under or by virtue of this policy against more than one of the underwriters hereon at any time or in any court, other than the highest court of original jurisdiction; and that a final decision in such suit or other proceeding shall be taken to be decisive of the similar claim, so far as the same may subsist against each of the other underwriters hereon, absolutely fixing his liability in the premises."

2.  INSURANCE—*when clause of policy of, issued under the Lloyd's system void, as against public policy.* A provision of a policy of insurance issued under the Lloyd's system such as is set forth in the preceding paragraph of syllabus is void as against public policy insofar as it attempts to interfere with the remedy which the courts

should be free to exercise and insofar as it undertakes to oust and deprive certain courts of the jurisdiction given them by law.

3. INSURANCE—*what does not bar action upon policy of, issued under the Lloyd's system.* An action brought upon an insurance policy issued under the Lloyd's system and which contains a clause such as that set forth in paragraph 1 of the syllabus is not barred by reason of the fact that the plaintiff after the bringing of the suit brought other suits against other defendants upon their separate and individual contracts contained in the policy.

4. INSURANCE—*power of attorney to agents acting with respect to Lloyd's insurance construed.* A simple power to conduct business does not confer upon attorneys power to bind their principals to a clause contained in a policy of insurance issued under the Lloyd's system such as is set forth in paragraph 1 of the syllabus.

5. INSURANCE—*when insured not bound by provision of policy issued under the Lloyd's system.* The insured is not bound by a provision of a policy issued under the Lloyd's system if the insurers are not bound thereby.

6. PRINCIPAL AND AGENT—*extent of latter's authority.* The rule of agency is that the scope of the agent's authority is confined to such transactions and agreements as are incident and are pertinent to the business of the principal which he is authorized to conduct.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 6, 1907.

**Statement by the Court.** This action was brought before a justice of the peace by appellee to recover from the defendant, Frank M. Blair, appellant, as an underwriter, on his liability on a Lloyd's policy of insurance, known as Metropolitan Lloyd's Number 13,254, dated October 13, 1903. The policy was issued to appellee by the firm of Farmer & Thompson, attorneys in fact for appellant, under a power of attorney dated September 1, 1902. The material part of the power of attorney is as follows:

"METROPOLITAN LLOYDS

OF

CHICAGO, ILL.

We, the undersigned, for ourselves and no other or others, hereby subscribe the amount set opposite our

names for the purpose of underwriting the risks of Fire Marine & Inland navigation under the Lloyd's system, and hereby appoint Geo. T. Farmer & Hiram P. Thompson, doing business under the firm name of Farmer & Thompson, our attorneys for the purpose of conducting the business.  *  *  *

SUBSCRIBERS.

Frank M. Blair, 63 N. Calumet ave., $500.00.''

Similar powers of attorney were given the same firm by twenty-eight other underwriters.

At the date of the issuance of the policy sued on there were twenty-five underwriters, as appears from the policy. The amount of the policy was $1,250. Each of the twenty-five underwriters, by his attorneys in fact, bound himself severally to pay $50 to the assured, appellee, in case of loss.

Judgment was rendered against appellant by the justice of the peace for $50 and costs. This judgment, a jury being waived and the cause submitted to court, was affirmed by the Superior Court on appeal, and from that judgment this appeal is prosecuted.

J. B. HUTCHINSON, for appellant.

TENNEY, COFFEEN, HARDING & WILKERSON, for appellee; GEORGE T. ROGERS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

No questions of fact are presented in argument. All assignments of error raising questions of fact are abandoned, therefore, on this appeal.

The main contentions of appellant are based upon a clause in the policy which purports to stipulate that ''no suit or other proceedings at law or in equity shall in any event be begun or maintained for the recovery of any claim upon, under or by virtue of this policy against more than one of the underwriters hereon at any time or in any court, other than the highest court of original jurisdiction; and that a final decision in

.such suit or other proceedings shall be taken to be decisive of the similar claim, so far as the same may subsist against each of the other underwriters hereon, absolutely fixing his liability in the premises,'' and that each of the underwriters agrees to abide by the result of such suit.

The first contention of appellant is that the justice of the peace did not have jurisdiction of the cause of action against appellant, because the amount claimed in the suit exceeded $200, the limit in amount of the jurisdiction of a justice of the peace.

It is a sufficient answer to this contention to say that it nowhere appears in the record that the amount claimed against appellant is over $50. Hull v. Webb, 78 Ill. App. 617; Village of Dolton v. Dolton, 201 Ill. 155.

The jurisdiction of the justice of the peace is further challenged upon the ground that by the clause in the policy each of the underwriters agrees to abide by the result of a final decision in any suit upon the policy, in the same manner and to the same effect as if he had been sole defendant; and inasmuch as a justice court is not a court of record, the proceedings and record of such a court could not be made to disclose such an adjudication, and are entirely inadequate to afford the remedy and protect the rights of the parties.

The law recognizes no such difficulty or inadequacy in the record of a justice of the peace court. The contention is without merit.

It was admitted on the trial that this suit was brought against the defendant on policy No. 13,254, Metropolitan Lloyds, and that other suits were brought against other underwriters before the same justice at the same time, on the same policy for the same loss, by appellee, making ten suits in all, and that five of the suits were pending in the Superior Court on appeal at the time of the trial of this cause. Appellant's contention is that these facts show a violation of the pro-

vision in the policy limiting the right of appellee to begin or maintain a suit against more than one of the underwriters on the policy at any time, and constitute a perfect defense to this action.

The argument in support of this position is, and must necessarily be, that, assuming appellee had a perfect cause of action against appellant before the other suits were brought, this suit is barred because of a subsequent violation by appellee of the provision referred to, in bringing other suits against other defendants upon their separate and individual contracts contained in the policy.

Appellee raises the question of the validity of the provision of the contract under the authority conferred by the power of attorney. It is contended that this provision did not bind appellant, and therefore cannot bind appellee, although it is incorporated in the policy.

The clause in the power of attorney through which authority is derived, recites that the undersigned "hereby appoint Geo. T. Farmer and Hiram P. Thompson, doing business under the firm name of Farmer & Thompson, our attorneys, for the purpose of conducting the business." The record shows no other authority conferred on the attorneys in fact. It is clear, therefore, that if the simple authority to conduct the business authorizes the attorneys in fact to bind the underwriters to the clause in question, it must be by implication, and not by express authority contained in the power. If the authority to conduct the business means that the attorneys in fact had authority to bind their principals to the agreement expressed in the clause in question, then a judgment rendered against any one of the underwriters in question, however erroneously, and even for the full amount expressed in the policy, fixes absolutely the liability of all others who were not parties to the suit or proceeding and could not defend the action. This, in effect, would be giving to the attorneys by implication author-

ity to bind the underwriters, both jointly and severally, at the same time for all losses under the policy. We are of opinion that no such authority can be implied from the terms of the power. The rule of agency is well settled, that the scope of the agent's authority is confined to such transactions and agreements as are incident and appurtenant to the business of the principal. The stipulation in question is neither incidental, nor essential in any way to the business of insurance as contemplated by the power of attorney. Nute v. Hamilton Ins. Co., 6 Gray, 174; Knorr v. Bates, 33 N. Y. Supp., 691-693; Am. & Eng. Ency. of Law, vol. 7, 153. The power of attorney gave the attorneys authority to conduct the business of appellant. It was not intended, nor can it be implied, that they were given thereby authority to bind appellant to judgments against others without any opportunity to be heard in defense upon his several contract and his separate and distinct liability thereunder for a separate and distinct and different sum of money. The contract does not purport to create a separate liability for the same sum of money, but for a different sum of money. In the New York cases cited by appellant special authority to bind the underwriters was given, and no question was made as to its sufficiency to bind them. That is the exact question here presented and the cases cited do not apply to it. The authority to make the stipulation is specifically alleged in the declaration in the Enterprise Lumber Co. v. Mundy, 62 N. J. L., 16.

If the provision of the policy was not authorized by appellant, and therefore not binding upon him, it did not bind appellee.

In our opinion, the provision that the one suit to be brought must be brought in the highest court of original jurisdiction is void as against public policy. It is an attempt to interfere with the remedy which the courts should be free to apply, and to oust and deprive certain courts of the jurisdiction given them by law.

In Hall v. People's Mutual Fire Ins. Co., 6 Gray,

185, the court said, at page 192: "It.is a well-settled maxim that parties cannot, by their consent, give jurisdiction to courts where the law has not given it; and it seems to follow from the same course of reasoning that parties cannot take away jurisdiction where the law has given it. The court are therefore of the opinion that the stipulation in one of the conditions of this policy, that in case of loss, no action shall be brought upon it except in the County of Worcester, is no legal bar to an action in this county, where, by law, the action might be brought if no such condition had been made." See, also, Nute v. Hamilton Mutual Ins. Co., *supra*.

The doctrine is tersely stated in Fahs et al. v. Darling et al., 82 Ill. 142, as follows: "The jurisdiction of the courts, so far as relates to the subject-matter of litigation, depends not on the agreement of parties, but on the law." And to the same effect are Insurance Co. v. Morse, 20 Wall., 445-451, and Baltimore & Ohio R. R. Co. v. Standard, 56 Ohio St. 224.

It is contended on behalf of appellant that he is not bound by the use of his name on said policy under the evidence in this case, because there are fifty names on the powers of attorney and only eighteen names on the policy.

We do not think this contention is worthy of much consideration. The record shows there are but twenty-nine names attached to the powers of attorney; and at the time of the issuance of the policy there were twenty-five names, the same number appearing on the policy.

We do not think the court erred in refusing to hold the propositions of law submitted by appellant, as the law in the decision of the case, for the reasons given above.

The judgment of the Superior Court is affirmed.

*Affirmed.*