Wilbur R. Brittin, Appellee, v. R. E. McClelland et al., Appellants.

1. CORPORATIONS—*what does not establish fact of having ceased to do business.* A certificate of the secretary of state that the charter of a corporation has been canceled is a circumstance which tends to show that it is no longer acting as a corporation but such certificate does not conclusively establish such fact.

2. APPEALS AND ERRORS—*when remarks of counsel not subject to review.* Unless the remarks of counsel complained of are preserved in the bill of exceptions they will not be considered on review.

3. VARIANCES—*when objection for comes too late.* An objection of variance first made in the Appellate Court comes too late and will be deemed to have been waived.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed March 30, 1910. Rehearing denied May 24, 1910.

GILLESPIE & FITZGERALD, for appellants; STEELE & THOMPSON, and CHARLES E. SELBY, of counsel.

BARBER & BARBER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellee entered into a contract with appellants as follows:

"Party of the first part for and in consideration of the party of the second part in subscribing and actually taking and paying for fifty (50) shares of stock of $100.00 each in an incorporated company of Illinois, with offices in Chicago, Ill., known as the National School of Railroading (which said first parties are directors of said above mentioned incorporated company) that said first party agrees for the above consideration of purchase to guarantee and does hereby covenant to pay said second party $2,500.00, in case of any failure on the part of the above incorporated company to do business, or fails to pay the $100.00 per month referred to in contract of date May 27th, A. D. 1907, between the National

School of Railroading and Wilbur R. Brittin (the same being the first contract entered into by said corporation and Wilbur R. Brittin); but this contract shall be void in case the party of the second part receives as salary from said incorporated company $100.00 per month for 25 consecutive months commencing July 1st, 1907, the amount guaranteed in consideration of the purchase of $5,000.00 worth of stock in said National School of Railroading, heretofore mentioned."

The contract referred to as the one having been entered into with the National School of Railroading of date May 27, 1907, so far as it relates to the matters in controversy is as follows:

"The said first party agrees to sell and said second party agrees to buy 50 shares of the capital stock of said corporation at the par value of $100.00 per share to be paid for by said second party in cash in hand at the time said shares are delivered to him. And as a further consideration to said second party for the payment of said sum of money as aforesaid, said first party agrees to employ and does hereby employ said second party to work for it, the said first party, as a solicitor for a period of fifty consecutive months, commencing July 1st, 1907; and said first party agrees to pay said second party for his said services the sum of one hundred dollars ($100.00) per month and all necessary expenses incurred by said second party in the course of his said employment."

Appellee subscribed for the fifty shares of stock in said corporation and commenced his work for said corporation on July 1, 1907. After this contract had been in force for six months and appellee had received $600 of the salary provided he brought suit for $2,500 alleging that the corporation, National School of Railroading, had ceased to do business.

Appellee obtained a judgment in the court below for $1,900. Appellants prosecute this appeal from that judgment.

The errors urged are that the court admitted improper evidence on behalf of appellee; that the court erred in giving instructions to the jury on behalf of appellee; refused proper instructions asked by the appellant; that counsel for ap-

pellee used improper remarks in his closing argument to the jury, and that the jury was influenced by remarks of the court.

The improper evidence alleged to have been admitted by the trial court relates to the question of the National School of Railroading ceasing to do business. The evidence thus objected to was hearsay evidence as to what appellee and the other witnesses had heard concerning the question of the failure of the National School of Railroading to do business, and upon cross-examination, when it was brought to the attention of the court that these witnesses did not have personal knowledge of this matter, their evidence regarding it was excluded upon motion of appellants. The only evidence of this fact that was objected to and not excluded upon their motion was the certificate from the Secretary of State, certifying that the charter of the corporation had been cancelled. The record contains other evidence which was admitted without objection by appellants, showing that this National School of Railroading had ceased to do business, that its assets had been turned over and were now held by a corporation known as the National *Correspondence* School of Railroading, and that the National School of Railroading had ceased to do business as a corporation; that this occurred in February, 1908. We are of the opinion that the admission of this certificate of the Secretary of State was proper as a circumstance showing that the National School of Railroading was no longer acting as a corporation, but the certificate was not conclusive of the fact and its admission did no harm as the fact was fully established by competent evidence, not objected to.

Appellants also insist that the court erred in not permitting them to show that the new corporation, the National *Correspondence* School of Railroading, had succeeded to all the rights and obligations and had assumed all the contracts, obligations and liabilities of the National School of Railroading. Appellee's contract had no relation to this corporation and the fact that it may have assumed the obligations of the corporation with which he had contracted and to which his

contract related was wholly immaterial and would have been no defense to this action and the court did not err in sustaining objections to such evidence.

Upon the question of the prejudicial remarks made by appellee's counsel to the jury and statements alleged to have been made by the court upon the trial, neither the remarks of the counsel nor the remarks of the court, complained of, have been preserved in the bill of exceptions, consequently they cannot be reviewed or considered by this court.

Appellants seek to raise a question of variance between the contract of appellee and the evidence offered in support thereof. Appellants insist that the contract provided that appellee should subscribe and pay for fifty shares of stock at $100 each and that the evidence discloses that instead of paying for fifty shares he paid for only forty and that five shares of the fifty which he claims he subscribed for were paid for respectively by Bell and Rich, each, and that this was not a compliance with the contract. This question of variance is attempted to be raised first in this court. In order to take advantage of a variance, if one existed, it must have been taken advantage of in the trial court and the variance specifically pointed out. It cannot be raised for the first time either in motion for new trial or on error or appeal. The evidence that a part of the stock subscribed for was paid for by Bell and Rich and was settled for in this manner was admitted in the trial court without objection, and objection cannot be raised thereto for the first time in this court.

Upon the question of instructions complained of upon examination we find that the jury was properly instructed in this cause and that no error was committed by the court either in the giving or refusing of the instructions and finding no prejudicial error in this record, the judgment is affirmed.

*Affirmed.*