JOHN F. DEVINE, Admr., Appellee, *vs.* THE L. FISH FUR-
NITURE COMPANY, Appellant.

*Opinion filed April 19, 1913.*

1. CONSTITUTIONAL LAW—*whether act was properly passed is a
matter to be proved before cause is submitted to jury.* Whether
the statute upon which a declaration in an action at law is based
was passed by the General Assembly in compliance with the con-
stitutional requirements is a matter of fact which must be proved
before the cause is submitted to the jury, and the question cannot
be raised for the first time on a motion to set aside the verdict or
for a new trial.

2. EVIDENCE—*effect where court limits admission of the senate
journal to particular purpose.* Where the admission of the senate
journal in evidence is expressly limited by the court to the. ques-
tion whether a certain act was regularly passed, the journal can
not be used, upon the motion for new trial, to establish the fact
that another statute, which was not questioned on the trial, was not
regularly passed.

3. APPEALS AND ERRORS—*when the cause must be transferred.*
Where the constitutional question relied upon in the Supreme
Court was not raised on the trial but was attempted to be raised
upon the motion for a new trial, and the constitutional question
which was urged on the trial has been abandoned and is not urged
in the Supreme Court, the cause must be transferred to the Ap-
pellate Court if no other ground of jurisdiction exists.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

MILLER, GORHAM & WALES, for appellant.

JAMES L. BYNUM, and CHARLES C. SPENCER, (BERN-
HARDT FRANK, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, John F. Devine, as administrator of the estate
of Banford T. Sinclair, deceased, recovered a judgment in
the circuit court of Cook county against the appellant, the
L. Fish Furniture Company, a corporation, for $8500.

The declaration, when the cause was submitted to the jury, consisted of two counts, both of which alleged as negligence on the part of appellant the violation of section 14 of an act entitled "An act to provide for the health, safety and comfort of employees in factories, mercantile establishments, mills and workshops in this State, and to provide for the enforcement thereof," approved June 4, 1909, in force January 1, 1910. (Laws of 1909, p. 202.) To this declaration a plea of the general issue was interposed. An appeal has been taken directly to this court upon the ground that the act of June 4, 1909, on which the declaration was based, is unconstitutional, for the reason that the legislature, in passing that act, did not follow the provisions of the constitution with reference to the printing of bills, and amendments thereto, before taking the vote on final passage, and also that the act was changed after its passage by the senate, at some time unknown, by striking out an emergency clause and inserting in lieu thereof a clause postponing its operation until January 1, 1910, and was never thereafter returned to the senate and passed by the senate as changed.

During the progress of the trial the constitutionality of the amendment of June 16, 1909, to another act entitled "An act relating to fire escapes," approved and in force April 21, 1899, was questioned upon the ground that the bill had not been read a second time in the senate. In support of this proposition counsel for appellant introduced in evidence the senate journal for 1909, and pointed out to the court the particular portions thereof that recited the steps taken in the passage of said amendment to the Fire Escape act. In admitting the senate journal in evidence the court expressly limited its admission to the purpose for which it was then offered,—that is, to the purpose of showing whether or not the said amendment of June 16, 1909, to the Fire Escape act had been read a second time in the senate. At no time during the trial was the validity of the act upon which the action was based, that of June 4, 1909, challenged. Upon

the motion for a new trial it was urged for the first time that the said act of June 4, 1909, was invalid for the reasons above set forth, and counsel for appellant called the attention of the court to those portions of the senate journal of 1909 which recited the steps taken in reference to that act before its final passage. In order to meet the questions thus raised appellee was permitted, on the hearing of the motion for a new trial, to offer evidence in rebuttal. Whether a statute has been passed by the General Assembly in compliance with the constitutional provisions relating to the manner in which a statute must be passed is a question of fact, which must be proven before the cause is submitted to the jury. This question cannot be raised for the first time on a motion to set aside the verdict and for a new trial. On such a motion the only errors which can be considered are such as have intervened on the trial. It is manifest that the court could not err in reference to a matter which was not presented on the trial.

Counsel for the appellant contend that inasmuch as the whole senate journal was admitted in evidence, this and every other matter it contained were presented, and appellant had the right, on the hearing of the motion for a new trial, to urge anything appearing therein of which it desired to take advantage. The better practice would have been for the court to have permitted the introduction of only such portions of the senate journal as had a bearing upon the particular fact then sought to be proven. But in this case the result is the same, as the court expressly limited the application of this evidence to the question of the constitutionality of the amendment to the Fire Escape act. The point sought to be made in the trial court with reference to the constitutionality of the amendment to the Fire Escape act was eliminated by the dismissal of the fifth count of the declaration, and, although cross-errors have been assigned upon the action of the court in dismissing that count, the

question of the constitutionality of that amendment has been abandoned and is not urged on this appeal.

As appellant did not present to the trial court the question of the constitutionality of the act of June 4, 1909, and thus waived the only constitutional question relied on here, there is nothing involved which gives this court jurisdiction on this appeal. The cause will therefore be transferred to the Appellate Court for the First District, and the clerk will transmit the record and all the files in the cause to said Appellate Court, together with the order transferring the cause.

*Cause transferred.*