## Lewis Johnson, Appellee, v. Royal Motor Car Insurance Association, Appellant.

1. Insurance—*estoppel of insurer by notice to its agent of facts material to the risk.* An insurance company which has issued a policy of insurance to the owner on an automobile which was subject to a chattel mortgage and to insurance carried by the chattel mortgagee, of which facts the soliciting agent was informed by the owner when solicited for the insurance sued on, is estopped to defend a suit on the policy on the grounds that the policy in suit is void for misrepresentation and concealment of such facts by the insured, where it is undisputed that the insured informed the agent of such facts and that the agent prepared the application and the insured signed it without reading it and with the understanding that he was getting insurance on his equity only.

2. Contracts—*provision of insurance policy limiting actions thereon to specified court as against public policy.* The provision of an insurance policy requiring that any suit thereon shall be maintainable only in the highest court of original jurisdiction is void as against public policy.

3. Saving questions for review—*objection that suit on insurance policy is brought in wrong court under terms of the policy must be raised in lower court.* An objection that a suit on an insurance policy is not maintainable because brought in the justice's court contrary to the terms of the policy providing that any action on the policy should be brought or maintained only in the highest court of original jurisdiction, even if valid, is made too late when first raised in the city court on a motion for new trial.

Appeal from the City Court of East St. Louis; the Hon. M. Millard, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed July 11, 1922.

A. B. Garrett, for appellant.

Borders & Borders, for appellee.

Mr. Justice Barry delivered the opinion of the court.

Appellee recovered a judgment for $300 against appellant on an insurance policy. The Davis Motor Car

Company sold an automobile to a man named Comstock and took a chattel mortgage thereon to secure the balance of the purchase price. It seems that Comstock defaulted in his payments, and the Davis Motor Car Company then sold the car to appellee for $1,400, taking $450 in cash and holding the original mortgage to secure the balance, which was payable in monthly payments of $83.33. Before the sale to appellee the Davis Motor Car Company had taken out insurance on the car to protect its interest as mortgagee.

An agent of appellant solicited appellee to take insurance on the car with appellant. It fairly appears from the evidence that appellee informed the agent of all of the foregoing facts and the testimony of appellee was not disputed. The agent was not called as a witness. Appellee says he told the agent he did not know what he should do under the circumstances and that the agent replied that the car was probably not insured for more than sixty or eighty per cent of its value and he advised appellee to take out a policy for $400 to protect his interest.

The agent filled out an application in which the following statement appears: "The automobile described is fully paid for by the assured and is not mortgaged or incumbered, except as follows: Notes."

The application also stated that the list price of the car was $2,250, a 1918 model and the actual cost to appellee $1,400. The policy contains a clause to the effect that the entire contract shall be void if the assured has concealed or misrepresented any material fact concerning the contract.

It also provides that should the assured mortgage or incumber the car the contract shall immediately cease and terminate unless otherwise provided by indorsement thereon.

It further provides that if at the time of the loss there is other insurance on the car the contract shall be null and void to the extent of the other insurance.

And that in no event shall the contract be enforceable in case of other insurance unless the assured shall at the time of taking such concurrent insurance give the association notice in writing of the fact.

Appellant insists that appellee made false statements of and concealed material facts which rendered the policy null and void under the various provisions aforesaid. When a canvassing agent of an insurance company is fully informed of a prior insurance on the same property and of a mortgage thereon but prepares the application so as to make it show there is no insurance or mortgage and the insured signs the application and a policy is issued thereon, the company is estopped from showing in defense to an action on the policy that there was other insurance or that the property was mortgaged. *American Ins. Co. v. Luttrell,* 89 Ill. 314; *Phenix Ins. Co. v. Stocks,* 149 Ill. 319; *Phenix Ins. Co. v. Hart,* 149 Ill. 513.

The law is well settled that notice to the agent, at the time of the application for the insurance, of facts material to the risk is notice to the insurer and will prevent it from insisting upon a forfeiture for causes within the knowledge of the agent.

Appellant did not call the agent as a witness. It is undisputed that the agent was informed of the exact facts and that appellee signed the application without reading it. It was understood that he was simply getting insurance on his equity in the property.

It would be highly unjust, under this record, to hold that appellee is not entitled to recover. Appellant received $39.80 for the policy when its agent knew the facts. The defense sought to be made is wholly without merit.

The policy further provides that in the event of litigation no suit or other proceeding at law or in equity shall in any event be begun or maintained for the recovery of any claim upon or by virtue of the contract in any court other than the highest court of original

jurisdiction. Appellant contends that because this suit was begun before a justice of the peace it cannot be maintained under the foregoing provision.

It is sufficient to say that such a provision is void as against public policy. *Blair v. National Shirt & Overalls Co.*, 137 Ill. App. 413. But, if it were valid, the record fails to show that appellant relied upon it until it made its motion for a new trial in the city court, which was too late. *Dodge v. People,* 113 Ill. 491.

We are satisfied from the record that justice has been done and the judgment is affirmed.

*Affirmed.*