THE VILLAGE OF LAGRANGE PARK, Appellant, *vs.* ED-MUND K. JARECKI, County Judge, Appellee.

*Opinion filed April 23, 1926*

1. APPEALS AND ERRORS—*construction of an ordinance does not authorize appeal to the Supreme Court.* The Supreme Court has jurisdiction of appeals in cases in which the validity of a municipal ordinance is involved where the trial judge certifies that in his opinion the public interest requires that the appeal be taken directly to the Supreme Court, but it does not have jurisdiction where the question is merely the interpretation of a municipal ordinance.

2. SAME—*section 104 of Practice act does not confer jurisdiction on Supreme Court.* Section 104 of the Practice act does not purport to fix the jurisdiction of the Supreme Court in any case, but it simply provides for the certifying of questions of law arising in the trial court to the Appellate or the Supreme Court "if the case is reviewable by the Appellate or Supreme Court."

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

WEIGHTSTILL WOODS, Village Attorney, for appellant.

JOSEPH B. FLEMING, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The village of LaGrange Park was organized more than thirty years ago and now has approximately 3000 inhabitants. It is located in Cook county, about fifteen miles west from Lake Michigan. It is primarily a residential commu-

321—12

nity. The territory within the village has been zoned into business and residential sections. In February, 1924, an ordinance was passed by the village board pursuant to a recommendation of the plan commission, under authority of the act of June 24, 1921, (Laws of 1921, p. 260,) which regulates the use of contiguous territory outside and distant not more than one and one-half miles from the limits of the village and prescribes the manner in which such lands shall be platted into streets, lots and blocks when it is so platted. In September and October, 1925, steps were taken by persons residing in territory which overlaps a part of the territory outside the village of LaGrange Park which it has undertaken to regulate under its village plan ordinance, to incorporate the village of Westchester. The successive steps to organize the village were taken and the county judge of Cook county entered an order declaring the village of Westchester duly incorporated. Appellant filed its bill in the circuit court of Cook county setting forth in great detail these facts, and alleging, among other things, that the village of Westchester is merely a "dummy" village organized by a railroad and real estate syndicate of Philadelphia, Pennsylvania; that the territory incorporated as the village of Westchester has never at any time had 200 residents; that the only persons within the territory are those temporarily employed in railroad construction, who are living in old farm houses, barns, temporary bunk-houses and temporary mess-halls; that the petition which was signed by these transients was not presented to the county judge of Cook county but to the county judge of Bond county, who was temporarily holding court in Cook county. The prayer of the bill is that the proceedings to incorporate the village of Westchester be decreed to be void and that appellee be restrained from doing or performing any act in furtherance of the incorporation of said village of Westchester. Appellee appeared and filed his motion to dismiss the bill on the ground that the court is without jurisdiction to grant the

relief prayed and that the question of the legality of the organization of the village of Westchester can be tested only in a *quo warranto* proceeding. This motion was sustained, the bill dismissed for want of equity, and an appeal allowed to this court "on the ground that the construction of a municipal ordinance is involved."

This court has jurisdiction of appeals in cases in which the validity of a municipal ordinance is involved where the trial judge certifies that in his opinion the public interest requires that the appeal be taken directly to this court, but it does not have jurisdiction where the question is the interpretation of a municipal ordinance. Counsel for appellant did not in the trial court, nor does he in this court, present any question calling for a construction of the constitution with respect to the ordinance of the village of LaGrange Park extending its jurisdiction over a part of the territory which is now included within the limits of the newly organized village of Westchester or of the statute under which this ordinance was passed. He asserts in his brief that the appeal was taken to this court "under section 104 of the Practice act of Illinois, by reason that questions involving important public interests require early consideration in this court." That section of the Practice act does not purport to fix the jurisdiction of this court in any case. It simply provides for the certifying of questions of law arising in the trial court to the Appellate Court or the Supreme Court "if the case is reviewable by the Appellate or Supreme Court." Appellant does not suggest any question which gives this court jurisdiction of this appeal and we are unable to discover any.

The cause is transferred to the Appellate Court for the First District.                    *Cause transferred.*