(No. 18643.—Cause transferred.)
THE CITY OF CHICAGO, Appellee, *vs.* OLIVE L. HAGLEY, Appellant.

*Opinion filed April 21, 1928.*

APPEALS AND ERRORS—*Supreme Court cannot entertain a direct appeal where only construction of ordinance is involved.* In a proceeding for violation of a municipal ordinance, where the validity of the ordinance as applied to a particular business is conceded but it is contended that the defendant's business does not come within the terms of the ordinance, no question is presented which gives the Supreme Court jurisdiction of a direct appeal, as it does not have jurisdiction in cases involving only the interpretation of an ordinance.

APPEAL from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

FYFFE & CLARKE, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and M. J. MALONEY, (CORA B. HIRTZEL, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the municipal court of Chicago finding appellant guilty of operating an ice cream parlor without having obtained a license, as required by section 3431 of the municipal code, which reads: "No person, firm or corporation shall carry on, engage in or conduct the business of keeping what is commonly or generally known as an ice cream parlor, which is hereby defined as a place where ice cream, ices and ice cream beverages are kept and offered for sale to be consumed on the premises, without first having obtained a license in accordance with the provisions of this article." The trial judge certified that

the validity of a municipal ordinance is involved and that the public interest requires that the appeal be taken directly to this court, and the appeal was accordingly prosecuted.

Appellant operates a place of business at 127 East Fifty-fifth street, Chicago, where she serves meals, sandwiches, candies, ice cream, soda waters, and other articles of food and drink usually kept in a first-class restaurant. She contends that she is operating a tea room and that her sales of "ice cream, ices and ice cream beverages" are merely incidental to her business of serving meals and lunches. The city contends that she is conducting an ice cream parlor within the meaning of the ordinance and item 91 of section 1 of article 5 of the Cities and Villages act, which grants the city power "to tax, license and regulate * * * ice cream parlors, coffee houses," etc.

This court does not have jurisdiction of appeals in cases involving the interpretation of a municipal ordinance, and it is evident that that is all that is involved in this case. Appellant says that the evidence shows that she is not operating an ice cream parlor and appellee says it shows that she is. She concedes that the ordinance is valid as applied to ice cream parlors, and if the municipal court has correctly decided that she is conducting an ice cream parlor then its judgment is right, but if she is conducting a restaurant and her sales of ice cream and beverages are only incidental to the restaurant business then the judgment is wrong. There is no question presented which gives this court jurisdiction of this appeal. *Village of LaGrange Park v. Jarecki,* 321 Ill. 177.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*