(No. 25383.— )

THE CITY OF LITCHFIELD, Appellee, *vs.* BERT HART, Appellant.

*Opinion filed December 15, 1939.*

H. B. TUNNELL, for appellant.

D. R. KINDER, for appellee.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Bert Hart, a resident of the city of Litchfield in this State, was charged before a police magistrate and justice of the peace with the violation of a wheel tax ordinance of that city. Hart owned a Pontiac sedan automobile in 1938 and had a State license for that year, but no city

license, as required by the wheel tax ordinance of the city, for the period beginning July 1, 1938, and ending June 30, 1939, but operated his automobile on the streets of Litchfield during that period. A trial without a jury before a justice of the peace resulted in a judgment of not guilty. The city of Litchfield prosecuted an appeal to the circuit court of Montgomery county, where the case was again tried without a jury, on a stipulation of facts. The defendant was found guilty of a violation of the ordinance and was fined ten dollars and costs. An appeal by the defendant was prayed directly to this court.

The validity of an ordinance was involved in the circuit court and there is a certificate of the trial judge to that effect. There was, however, no certificate of the trial judge that in his opinion the public interest required that the appeal be taken to this court. Section 75 of the Civil Practice act provides, in the first paragraph: "Appeals shall be taken directly to the Supreme Court in all cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved, and in cases in which the validity of a municipal ordinance is involved and in which the trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested as a party or otherwise." (Rev. Stat. 1939, chap. 110, par. 199, p. 2433.) When the validity of a municipal ordinance is involved it is essential that the record contain a certificate of the trial judge that in his opinion the public interest requires that the appeal be taken directly to this court. (*Village of LaGrange Park* v. *Jarecki*, 321 Ill. 177.) There is no such certificate in the record in this case. No constitutional question is presented in the grounds relied upon for reversal.

This court has no jurisdiction of the appeal and the cause is transferred to the Appellate Court for the Third District.
 *Cause transferred.*