(No. 29846.—■■■■■■■)

THE VILLAGE OF RIVERSIDE, Appellee, vs. EUGEN KUHNE, Appellant.

*Opinion filed May 22, 1947.*

LIPMAN & LOCHTAN, (DAVID I. LIPMAN, and HARRY G. FINS, of counsel,) all of Chicago, for appellant.

TENNEY, SHERMAN, ROGERS & GUTHRIE, (S. ASHLEY GUTHRIE, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant appeals from a judgment of the criminal court of Cook county finding him guilty of violating the

zoning ordinance of the village of Riverside and assessing a fine of $25 and costs. The appeal is taken directly to this court on the theory that the validity of a municipal ordinance is involved.

On October 3, 1944, a complaint was filed before a police magistrate charging the defendant with unlawfully using the premises therein described for business purposes in violation of the zoning ordinance of the village of Riverside. The defendant was found guilty and adjudged to pay a fine of $25. An appeal was taken to the criminal court of Cook county. In that court the cause was docketed as a *quasi*-criminal case, entitled, "The People of the State of Illinois vs. Eugene Kuhne." After a trial *de novo* the defendant was again found guilty and a fine assessed against him in the sum of $25 and costs. A few days after judgment had been entered, a motion was allowed to vacate the judgment and to substitute the village of Riverside as party plaintiff. Judgment was then entered in favor of the new plaintiff in substantially the same form as the previous judgment. After this judgment was entered defendant filed a motion in arrest of judgment, a motion to expunge the purported judgment, and a motion for a new trial. In each motion the defendant asserted that the zoning ordinance was void because it deprived him of his property without due process of law and denied him equal protection of the law as guaranteed by the Federal and State constitutions. The motions were overruled by the trial court.

It is undisputed that the defendant resided with his family on the premises in question and that he had one room of the dwelling outfitted as an office, from which he operated his business as a real-estate broker. The defendant's principal contention at the trial was that such accessory use of the property was permissible under the ordinance. This contention is carried throughout the brief and argument on appeal. Defendant's argument that the

ordinance upon which the judgment is based is unconstitutional concludes with the statement, "Manifestly the ordinance of the village of Riverside as applied to Eugen Kuhne is invalid." It is nowhere contended that the ordinance is invalid generally, but only as it applies to defendant's particular use of the premises. This theory of the case raised only the question of the application of the ordinance and did not involve a determination of its validity. The construction or application of a statute or ordinance does not present a constitutional question. *Pollack* v. *County of Du Page,* 371 Ill. 199; *City of Chicago* v. *Iroquois Iron and Steel Co.,* 361 Ill. 330; *City of Chicago* v. *Peterson,* 360 Ill. 177.

The only pleading in the case was the original complaint filed with the police magistrate. Not only was no objection made as to the validity of the ordinance when it was offered in evidence, but it was admitted by stipulation of the parties. During the course of the trial no objection was made to any evidence, nor was any question presented which required the court to pass on the validity of the ordinance or any constitutional question. At no time prior to judgment did the defendant raise any question as to the validity of the ordinance. On the contrary, he defended on the theory that the acts with which he was charged did not amount to a violation of the ordinance. The validity of the ordinance might have been involved in this suit had the defendant objected to the admission of the ordinance in evidence, and to the admission of any evidence under it, at the same time preserving the question for review by obtaining a ruling of the court on his objection. (*Pearson* v. *Zehr,* 125 Ill. 573.) The right to question the validity of a statute or ordinance may be waived either by act or omission. (*Jenisek* v. *Riggs,* 381 Ill. 290.) The general rule is, that it is the duty of a person, whenever he regards his constitutional right as invaded, to raise an objection at the earliest fair opportunity and the failure

to do so amounts to a waiver of the right. (*Chicago-Sandoval Coal Co.* v. *Industrial Com.* 301 Ill. 389.) Instead of preserving and presenting the question of the validity of the ordinance at the first opportunity, defendant proceeded on the theory that the ordinance was valid but did not apply to him, and he did not attempt to attack its constitutionality until after judgment had been rendered against him on the issues as presented. The motions in arrest of judgment and for a new trial were not filed until six days after judgment and the constitutional questions were apparently an afterthought on the part of defendant. Under these circumstances, defendant waived his right to question the validity of the zoning ordinance. *Jenisek* v. *Riggs,* 381 Ill. 290; *Comrs. of Union Drainage Dist.* v. *Smith,* 233 Ill. 417.

Defendant's assignment of error on the constitutional question merely asserts that the zoning ordinance upon which the judgment is based is unconstitutional. There is no designation in what particular the ordinance violates any constitutional provision. It is apparent from such assignment of error, the motions for new trial and in arrest of judgment, as well as from the nature of the arguments contained in defendant's brief, that the purport of defendant's contention is that the enforcement of the judgment, under the facts and circumstances in evidence, would deprive him of his property without due process of law, and would deny him the equal protection of the law. Where a judgment is assailed on such grounds, the question in the case is the validity of the judgment and not the constitutional question within the meaning of the statute which authorizes appeals direct to this court. *City of Chicago* v. *Terminiello,* 396 Ill. 41; *Chapralis* v. *City of Chicago,* 389 Ill. 269; *De La Cour* v. *De La Cour,* 363 Ill. 545.

The trial judge filed a certificate that the validity of a municipal ordinance is involved and that in his opinion public interest requires that an appeal be taken directly to

112

this court. Such a certificate is not effective if it is contrary to what is shown in the record. (*Akouris* v. *Village of Oak Lawn,* 389 Ill. 582; *City of Chicago* v. *Hagley,* 329 Ill. 635.) There is no question presented which gives this court jurisdiction of the appeal.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*