BEATRICE DAVIS, Plaintiff-Appellee, *v.* WILLIAM DAVIS, Defendant-Appellant.

(No. 54345; )

First District—February 26, 1971.

Tate & Posey, of Chicago, (Emory Andrew Tate and Harry G. Posey, of counsel,) for appellant.

Jacob J. Gordon, of Chicago, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from a decree of divorce in which the defendant appeals.

Plaintiff, Beatrice Davis, filed suit for divorce charging extreme and repeated cruelty and asking a property settlement, child support and alimony. Defendant, William Davis, through his attorneys, answered, the answer consisting of denials. A temporary support order was entered and the case was set for trial. On the day of trial, defendant's attorneys asked and were given leave to withdraw as a result of what defendant testified was "a discussion of attorneys' fees." The case then proceeded to trial with the defendant appearing *pro se.* No objection was made at the time by the defendant and the court assisted him in the presentation of his evidence which was solely his own testimony. His defense was that on one occasion when the plaintiff claimed the defendant cruelly struck her that the plaintiff struck the defendant back. The defendant further claimed ill health which did not impair his earning ability but threatened

later difficulty. The court required a weekly payment of $40.00 child support and alimony which continued in effect the agreed temporary support order and decreed the equity of approximately $2,000.00 in the marital home to the wife.

The defendant then hired other attorneys who filed a verified pleading entitled, "Petition to Vacate Default, for Leave to Appear by Present Counsel and to File Answer." This document was filed June 25, 1969, and on the same day there was filed the decree of divorce reflecting the ruling of the court at the hearing on June 13, 1969.

On July 1, 1969, the defendant appealed to this court from the "final judgment entered in the above entitled cause" which defendant's notice of appeal says is a "decree entered in favor of plaintiff, and denying defendant's motion to vacate order of default."

The defendant in his Points and Authorities and Argument does not refer to, claim or argue any error on the part of the trial court in its rulings or in the relief granted. The court had wide discretion to refuse to vacate the decree but did not abuse that discretion since the evidence supports the decree as entered. Defendant's contention is based upon what he maintains is an unconstitutional denial of due process of law by virtue of the failure of the court on its own motion to have continued the cause in order to permit defendant to get additional counsel, or denial of a constitutional "right" to be "warned" of rights that he had, including the "right to a continuance."

■■ Defendant's petition in the trial court wholly omits any mention of any constitutional provision. Under the general rule, it is the duty of a person, whenever he regards his constitutional rights as invaded, to raise an objection at the earliest fair opportunity, and the failure to do so amounts to a waiver of the right. See *Village of Riverside v. Kuhne,* 397 Ill. 108; *Jenisek v. Riggs,* 381 Ill. 290; *City of Chicago v. Bernstein,* 337 Ill.App. 649. To raise the constitutional question for the first time in the Appellate Court is a clear waiver under the circumstances here.

We further are obliged to point out that counsel for the defendant in his argument wholly omits to cite any authority. This is in violation of Supreme Court Rule 341(e), (5) and (7).

Additionally, the argument contains the following language: "within term time, the defendant through present counsel filed a written Motion for New Trial which was denied (Pages 33, 34 and 35 of record)." There is no motion for a new trial or denial order in the record, nor are such motions abstracted. Pages 33, 34 and 35 of the record set forth the petition to vacate default previously referred to. To assert in argument the existence of documents purportedly in the record, when no such documents exist, is misleading to the court. It is difficult to see how this could

be an inadvertence, and the practice is condemned. It is a minimal requirement to insist that counsel, out of their duty to the court, shall not deliberately make misstatements of fact.

Judgment affirmed.

EBERSPACHER and G. MORAN, JJ., concur.