(No. 43505.—

ERIN MARIE SULLIVAN *et al.*, Appellants, v. MID-LOTHIAN PARK DISTRICT *et al.*, Appellees.

*Opinion filed March 30, 1972.*

LOUIS G. DAVIDSON, of Chicago, for appellant.

HOWARD C. SORENSEN and PRETZEL, STOUFFER, NOLAN & ROONEY, both of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Erin Marie Sullivan, a minor, 7 years of age, by John P. Sullivan, her father and next friend, appeals from the order of the circuit court of Cook County dismissing with prejudice counts I and III of her second amended complaint. In this action plaintiff seeks to recover damages for injuries suffered while riding on a merry-go-round owned and maintained by the defendant, Midlothian Park District. Count I of the second amended complaint alleges ordinary negligence on the part of the park district, the existence of public liability insurance and the waiver of immunity by the district for damages caused by ordinary negligence to the extent of the insurance coverage; count II alleges wilful and wanton misconduct of the park district; count III is a direct action against the defendant insurance carrier, Consolidated Mutual Insurance Company, in which plaintiff repeats and realleges the allegations of count I and alleges further that by virtue of section 9—103(b) of the Local Governmental and Governmental Employees Tort Immunity Act (Ill.Rev.Stat. 1969, ch. 85, par. 1—101 *et seq.*) the defendant insurance company

"*** waived any right to refuse payment or to deny liability for the damages claimed by the plaintiff, by reason of the non-liability of the insured public entity, for the wrongful or negligent acts of said entity or its employees, and also waived any right to refuse payment or to deny liability thereto within the limits of said policy by reason of any non-liability of the insured public entity because of its immunity from suit by reason of defenses and immunities provided in said statute.

12. That the plaintiff alleges in the alternative that she either has a right to proceed in an action against the municipal corporation claimed to be liable, and to recover her damages, or in the event said liability is barred by the provisions of the said Act, which governs actions against local public entities and public employees, or if her right to so recover is barred by the Act, she then by virtue of the provisions of the said policy of insurance and of said Act, if the action against the municipal corporation is barred, has a right to proceed in an action directly against the insurance

carrier that issued the said public liability insurance and thereby assumed the responsibilities provided for in said Act by issuing said insurance and waived the defenses and immunities which otherwise would have been available to the said municipal corporation."

The circuit court found that because of the immunity granted by section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 3—106), the park district and its employees were not liable for ordinary negligence, and that this immunity was not waived to the extent of the amount of liability insurance carried by the district as provided in section 9—103(b) of the Act. The circuit court, citing *Grasse v. Dealer's Transport Co. (1952), 412 Ill. 179,* and *Harvey v. Clyde Park District (1964), 32 Ill.2d 60,* held section 9—103(b) unconstitutional for the reason that "no rational difference exists between liability for injuries of all public entities that happen to be protected by liability insurance and the liability of public entities that happen to be unprotected by an insurance policy." The circuit court dismissed counts I and III with prejudice, found there was no just reason to delay enforcement or appeal of the orders (Rule 304), and this appeal followed.

Plaintiff contends that section 3—106 which provides: "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of willful and wanton negligence proximately causing such injury," violates section 19 of article II and section 22 of article IV of the constitution of 1870. Plaintiff acknowledges that the validity of section 3—106 was considered and upheld in *Maloney v. Elmhurst Park District (1970), 47 Ill.2d 367,* a personal injury action based on ordinary negligence and seeking to recover damages for injuries suffered by a boy when he fell on an

"artificial hill" in the defendant's park. In *Maloney,* the circuit court dismissed the action on the basis of section 3—106 and the plaintiff appealed, contending as does the plaintiff here that section 3—106 violated section 19 of article II and section 22 of article IV of the constitution of 1870. We held the statute constitutional and affirmed the judgment of dismissal.

Plaintiff argues correctly that although the *Maloney* briefs and opinion mention, they do not discuss, the constitutional challenge to the validity of section 3—106 based on section 19 of article II which provided: "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation ***."

It is plaintiff's contention that the effect of section 3—106 is to deny her any remedy for injuries suffered as the proximate result of the negligence of the defendant park district, and citing *Heck v. Schupp (1946), 394 Ill. 296,* she argues that because it serves to destroy all legal remedies for those injuries section 3—106 is violative of section 19 of article II. She argues, too, that the alleged destruction of the legal remedy deprives her of due process of law.

Provisions similar to section 19 of article II, of the constitution of 1870 were contained in the constitutions of 1818 (art. VIII, sec. 12) and 1848 (art. XIII, sec. 12). An examination of the opinions in which these provisions have been considered demonstrates that section 19 of article II and its predecessors are an expression of a philosophy and not a mandate that a "certain remedy" be provided in any specific form or that the nature of the proof necessary to the award of a judgment or decree continue without modification. Thus in *Heck,* a "Heart Balm" statute was held invalid because its effect was to leave one who suffered injury with no remedy, and in *Smith v. Hill (1958), 12 Ill.2d 588,* a statute which did not abolish the common-law remedy but severely limited the

damages recoverable, was held to be valid. In *Clarke v. Storchak (1943), 384 Ill. 564,* the "guest statute" (Ill. Rev.Stat. 1941, ch. 95½, par. 58a), attacked as being violative of section 19 of article II, was held to be valid, and in the opinion the court specifically rejected the argument that in creating the requirement that there be proof of willful and wanton misconduct in an action by a guest against his host, when prior to the enactment of the section recovery could be had upon proof of negligence, the statute violated the constitutional provision. We find no constitutional infirmity in the statute by reason of sections 2 and 19 of article II of the constitution of 1870 or the due-process clause of the fourteenth amendment to the constitution of the United States.

Plaintiff contends next that section 3—106 violates both section 22 of article IV of the constitution of 1870 and the equal-protection clause of the fourteenth amendment in that it creates a special privilege for those local governmental agencies which perform park functions. She argues that these entities are granted immunity from suit for injuries caused by their negligence and that the special privilege so granted is arbitrary, irrational and "cannot be supported by reason."

In *Maloney v. Elmhurst Park District* we said, "The statute in question here applies equally to all local governmental entities, and comes into operation only where liability of a particular governmental entity is sought to be predicated upon the existence of a condition of public property maintained by it and intended or permitted to be used as a park, playground or open area for recreational purposes. By enactment of this statute the General Assembly has encouraged the development of and maintenance of parks, playgrounds, and other open areas to be used for recreational purposes in a manner which is in no way arbitrary, capricious or unreasonable." (47 Ill.2d 367, 370.) We find no basis for departure from the holding in *Maloney* and adhere to the views therein expressed.

Plaintiff attempts to distinguish *Maloney* on the ground that it involved "a fall on an unimproved hillside, not the inexcusable absence of a necessary protective shield" on a merry-go-round. Plaintiff's argument, in part, is similar to the thesis presented in Professor Baum's article "Tort Liability of Local Governments and Their Employees: An Introduction to the Illinois Immunity Act," 1966 Illinois Law Forum 981, that although an immunity granted by the provisions of section 3—107 could be justified on the ground that public entities might curtail the use of bodies of water, trails and roads for hunting, fishing, and camping if they were required by law to make extensive inspections in search of potential hazards which might give rise to liability, there is no rational basis for the classification created by section 3—106. She argues further that there are many types of injuries which might be suffered as the result of a condition in an area which falls within the provisions of section 3—106 which might also be suffered in a court house, on a city street, or some other place under the jurisdiction and control of a local public entity and for which recovery could be had upon proof of negligence. We do not question the correctness of plaintiff's argument, but as we said in *Maloney,* "the wisdom of the legislation is a matter outside the purview of this court's inquiry," and the classification created by the General Assembly in order to encourage the development of parks and playgrounds will not be nullified by this court on the ground that we might have chosen another means to achieve the desired result.

We consider next the question of the constitutionality of section 9—103 which provides: "(a) A local public entity may contract for insurance against any loss or liability which may be imposed upon it under this Act.*** (b) Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the

limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act." This section appears to have been inspired by the holding in *Thomas v. Broadlands Community Consolidated School Dist. (1952), 348 Ill.App. 567,* decided approximately 7 years before *Molitor v. Kaneland Community Unit Dist. (1959), 18 Ill.2d 11,* that the school district's immunity from liability was removed to the extent of the amount of liability insurance which it carried. Defendants argue that section 9—103 is special legislation violative of section 22 of article IV for the reason that it makes the nature of the remedy of a person injured as the result of an immune governmental function dependent upon the unrestricted freedom of local governments to determine for themselves, whether or not, as to these immune functions, they will be liable for their own negligence.

We must assume that when section 9—103 was enacted the General Assembly was aware of the history of the doctrine of local governmental immunity from its adoption in *Town of Waltham v. Kemper (1870), 55 Ill. 346,* to its abolition in *Molitor.*

We have upheld the validity of section 3—106 which creates a classification applicable to all local governmental entities but affecting only property "intended to or permitted to be used as a park, playground or open area for recreational purposes." Section 9—103(b) is also applicable to all local public entities who elect to avail themselves of its provisions and obviously is the method selected by the General Assembly to enable the governmental units to which it applies to shift the risk of loss to an insurance carrier. The enactment of the section may be evidence of legislative recognition of the dominant role played by the insurance industry in the field of personal injury litigation.

Certainly, the General Assembly could have achieved

complete uniformity by failure to enact section 9—103, or upon enactment could have made the carrying of liability insurance mandatory. It might also, had it chosen so to do, have provided as it did in section 10—101 of the Illinois Vehicle Code (Ill.Rev.Stat. 1971, ch. 95½, par. 10—101) that a public entity may insure against liability for injury or death (arising out of the use of motor vehicles) without including a mandatory waiver of defenses or immunities granted the public entity by statute. It elected to do none of these and instead adopted 9—103 in the form presently in force and effect. We find section 9—103(b) neither arbitrary nor unreasonable and hold that it does not violate section 22 of article IV.

We consider next the question of whether section 9—103(b) serves to waive the provision of section 3—106 that the local public entity is not liable for an injury unless it was guilty of willful and wanton negligence. *Molitor,* decided in 1959, in addition to abolishing the doctrine of local governmental immunity, held, prospectively, that such public entities are liable for negligence. It appears, therefore, that prior to the enactment of the Local Governmental and Governmental Employees Tort Immunity Act (Laws of 1965, p. 2983), the defendant park district could have been held liable for plaintiff's injury upon proof of negligence, and the provision of section 3—106 that liability may be imposed only if it was guilty of willful and wanton negligence is clearly a defense or immunity provided in the Act and is obviously what is contemplated by the waiver in section 9—103(b) of the right to deny liability "by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act." We hold, therefore, that the trial court erred in holding section 9—103(b) unconstitutional, that the immunity to liability for the negligence of the park district or its employees granted by section 3—106 was waived by reason

of the provisions of section 9—103(b), and the circuit court erred in dismissing count I of plaintiff's second amended complaint.

With respect to count III of plaintiff's second amended complaint, we adhere to our decision in *Marchlik v. Coronet Insurance Co. (1968), 40 Ill.2d 327,* and the trial court properly dismissed count III.

For the reasons stated, the judgment of the circuit court of Cook County dismissing counts I and III is reversed as to count I and affirmed as to count III, and the cause is remanded for further proceedings.

*Affirmed in part and reversed in part and remanded.*