GLEN M. GOWLER, Plaintiff-Appellant, *v.* THE CITY OF MT. VERNON, ILLINOIS, Defendant-Appellee.

(No. 71-21;

Fifth District—September 7, 1972.

Hanagan, Dousman & Giamanco, of Mt. Vernon, for appellant.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville, and G. W. Howard III, of Mt. Vernon, (Francis D. Conner, of counsel,) for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from the dismissal of the plaintiff-appellant's complaint, alleging in Count I that the defendant-appellee owned, main-

tained and controlled property used as a City Dump, that through its negligent conduct, specified in Paragraph 5A-E, dirt had been dropped and scattered on a public highway, and that the plaintiff's automobile was caused to skid on the muddy surface and to collide with another vehicle, causing injury to the plaintiff; and alleging in Count II that the same facts had occurred, but that the injuries were caused by defendant's willful and wanton conduct, specified in Paragraph 6A-C.

Defendant filed a motion to dismiss the complaint. In Paragraph 9 of the motion, defendant referred to Ill. Rev. Stat. ch. 85, sec. 3—102, and the absence of any allegations in the complaint that the defendant had actual or constructive notice of the fact that the manner of its use of the property was not reasonably safe. In Paragraph 10, defendant referred to Ill. Rev. Stat. ch. 85, sec. 3—108, and the limitation of liability on the part of a local public entity for its failure to supervise activity on or the use of any public property. In Paragraph 11, defendant referred to Ill. Rev. Stat. ch. 85, secs. 8—102 and 8—103, and the failure of the complaint to allege that notice was given within six months from the date that the injury or cause of action was received or accrued.

Plaintiff filed a motion to strike Paragraphs 7—11 of the defendant's motion to dismiss and attached, as an exhibit, an insurance policy covering the defendant for the type of occurrence alleged in the complaint. The trial court denied plaintiff's motion to strike and granted defendant's motion to dismiss as to Paragraphs 9 through 11.

Plaintiff argues that, when a policy of insurance against loss or liability has been issued to a local public entity, Ill. Rev. Stat. ch. 85, sec. 9—103 (b) effects a waiver of any defenses available to the local public entity under chapter 85. Our Supreme Court recently decided the same issue in *Housewright v. City of LaHarpe* (1972), 51 Ill.2d 357, 282 N.E.2d 437. After reviewing a number of appellate decisions to the contrary, the Court held, at 442:

"For the reason that the defense or immunity which results from failure to comply with section 8—102 exists solely because of that section of the Governmental Employees Tort Immunity Act and because it is not excepted from the 'immunity from suit by reason of the defenses and immunities provided in this Act' provided in section 9—103 (b), we hold that the failure to give notice in accordance with section 8—102 is subject to the waiver provision of section 9—103 (b)."

In that case, the plaintiffs had alleged in their complaint that the defendant city had contracted for insurance against the liability sought to be imposed by their action.

Furthermore, in *Sullivan v. Midlothian Park Dist.* (1972), 51 Ill.2d 274,

468

281 N.E.2d 659, our Supreme Court also considered whether section 9—103(b) effects a waiver of the provision of section 3—106 that a local public entity is not liable for any injury unless it was guilty of willful and wanton negligence. In holding that section 9—103(b) effected a waiver, the Court stated:

> "[T]he provision of section 3—106 * * * is clearly a defense or immunity provided in the Act and is obviously what is contemplated by the waiver in section 9—103 (b) of the right to deny liability 'by reason of the non-liability of the insured public entity for the wrongful or neglect acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act'."

In that case, Count I had alleged mere negligence against the Park District and specifically alleged the existence of public liability insurance.

■■ In the present case, in ruling on the propriety of the trial court's order, we must accept plaintiff's allegation contained in the motion to strike that a policy of insurance was in effect for the type of occurrence alleged in the complaint. Our decision must also go somewhat beyond the specific holdings in *Housewright* and *Sullivan* with regard to sections 8—102 and 3—106. Even though not argued in the briefs, the defendant had relied upon other defenses contained in chapter 85, secs. 3—102 and 3—108, and the trial court had referred to them in dismissing the complaint. Since the defenses which result from sections 3—102 and 3—108 exist solely because of those sections of the Governmental Employees Tort Immunity Act, we find the holding of *Housewright* applicable, and those defenses likewise waived.

Accordingly, the decision of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

G. MORAN, P. J., and CREBS, J., concur.