MARY ANGELINI, Plaintiff-Appellant, *v.* JOHN SNOW, Defendant-Appellee.
First District (5th Division)   No. 77-78

Opinion filed January 27, 1978.

Michael L. Pritzker, Marvin J. Glass, R. Brent Daniel, Marvin J. Leavitt, David J. Polan, David M. Schneider, Roderick F. Mollison, and Richard H. Levy, all of Pritzker & Glass, Ltd., of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Ronald H. Hentschel, and Daniel J. Cheely, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This action was brought to recover damages occasioned by the alleged negligence of defendant, John Snow, in the operation of his motor vehicle. A jury verdict was returned in favor of defendant, along with a special interrogatory finding plaintiff, Mary Angelini, guilty of contributory negligence. Plaintiff moved for a judgment *n.o.v.* or, in the alternative, for a new trial on the grounds that the application of the doctrine of contributory negligence deprived her of certain constitutional rights. For this and other reasons, plaintiff urged the trial court to reject contributory negligence in favor of the doctrine of comparative negligence. The trial court denied plaintiff's post-trial motion on December 17, 1976, and this appeal is from that order. Plaintiff's application for a direct appeal to our supreme court was there denied on March 16, 1977 (Supreme Court No. 49259). Thus, the appeal is before this court, and the sole issue we must consider is whether the trial court acted properly in rejecting plaintiff's post-trial motion. We affirm.

A recitation of the facts of this case is unnecessary. Plaintiff concedes the finding of contributory negligence and argues on review only that this court should establish comparative negligence as the law of this jurisdiction. This we decline to do, and find further that plaintiff has waived her opportunity to properly raise this issue by first positing it in her post-trial motion. Thus, the trial court acted properly in denying her motion.

■■■ The record reveals that plaintiff proceeded upon the theory of contributory negligence in the trial court. The law of Illinois requires that a plaintiff in a negligence action must plead freedom from contributory negligence. (See *Schmidt v. Blackwell* (1973), 15 Ill. App. 3d 190, 304 N.E.2d 113; 28 Ill. L. & Prac. *Negligence* §184 (1957).) In this case plaintiff complied with this requirement in the usual manner by alleging in her complaint that she "was at all times in the exercise of ordinary care for her own safety." When the case went to the jury, the record reveals no objection by plaintiff to the instructions given the jury on contributory negligence. Where plaintiff thus chose to proceed on the theory of

contributory negligence, she may not complain for the first time in her post-trial motion that application of this theory denied her a fair trial. See *Ervin v. Sears, Roebuck & Co.* (1976), 36 Ill. App. 3d 64, 343 N.E.2d 220, *aff'd,* 65 Ill. 2d 140, 357 N.E.2d 500.

We believe that it is well settled that questions not presented to the court during a trial may not be raised for the first time on a post-trial motion to set aside the verdict and for a new trial. (See *Devine v. L. Fish Furniture Co.* (1913), 258 Ill. 389, 101 N.E. 539; *cf. Johnson v. Royal Motor Car Insurance Association* (1922), 226 Ill. App. 147; *Balswic v. Balswic* (1912), 179 Ill. App. 118; *Crouse v. Barber Asphalt Paving Co.* (1911), 162 Ill. App. 271; *Brittin v. McClelland* (1910), 156 Ill. App. 158.) On such a motion the only errors to be considered are those which may have intervened on the trial. "It is manifest that the court could not err in reference to a matter which was not presented on the trial." *Devine v. L. Fish Furniture Co.* (1913), 258 Ill. 389, 391, 101 N.E. 539, 540.

■■■ Nor will this rule be varied on the grounds that a question of constitutionality is raised in the post-trial motion. In *Devine v. L. Fish Furniture Co.* the Illinois Supreme Court stated that a question as to whether a statute had been constitutionally enacted could not be initially raised in a post-trial motion. In addition, the general rule is that it is the duty of a person, whenever he regards his constitutional rights as invaded, to raise an objection at the earliest fair opportunity, and the failure to do so amounts to a waiver of the right. (*Village of Riverside v. Kuhne* (1947), 397 Ill. 108, 73 N.E.2d 286; *Davis v. Davis* (1971), 131 Ill. App. 2d 459, 268 N.E.2d 491.) Under the circumstances of this case we find that plaintiff has waived her right to question the constitutionality of the doctrine of contributory negligence (see *Village of Riverside v. Kuhne*), and thus we conclude that the trial court acted properly in rejecting plaintiff's post-trial motion.

While the foregoing, without more, is sufficient basis for disposition of this appeal, "we feel this case is one where we might, with profit, set forth an alternative ground for the decision we have reached, for on substantive grounds alone, the opinion of the lower court must be affirmed." (*Berber v. Hass* (1965), 57 Ill. App. 2d 109, 116, 207 N.E.2d 96, 100.) Thus, we will comment briefly on the question raised by plaintiff to this court.

■■ The issue of judicial adoption of a comparative negligence doctrine was fully considered by our supreme court in the case of *Maki v. Frelk* (1968), 40 Ill. 2d 193, 239 N.E.2d 445. In *Maki* the court decided that *stare decisis* compelled a ruling that any such change in law should be accomplished by the legislature. Therefore, the court reaffirmed the principle that a plaintiff's contributory negligence bars any recovery by him in a common law negligence action. Despite the passage of 10 years, *Maki* is still the law in Illinois and, as an appellate court, we are bound to

follow its pronouncements. (See *Erickson v. Walsh* (1973), 11 Ill. App. 3d 99, 296 N.E.2d 36; *Barry v. Elgin, Joliet & Eastern Ry. Co.* (1971), 132 Ill. App. 2d 371, 270 N.E.2d 152.) State intermediate reviewing courts are bound by their supreme court. (*People v. Glass* (1976), 41 Ill. App. 3d 43, 353 N.E.2d 214; see 14 Ill. L. & Prac. *Courts* §82 (1968).) It is not within our authority to overrule the supreme court or modify its decisions. *Anderson v. Anderson* (1976), 42 Ill. App. 3d 781, 356 N.E.2d 788.

■■ For this reason we are not, and cannot be, persuaded to adopt comparative negligence for the reasons proposed by plaintiff. Indeed, the *Maki* court specifically commented that contributory negligence contravened no constitutional principle. (40 Ill. 2d 193, 196, 239 N.E.2d 445, 447.) Thus, we must follow *Maki* and reject plaintiff's contention that this doctrine violates due process and equal protection under both the Federal and Illinois constitutions. As to others of plaintiff's contentions: (1) that contributory negligence is economically and socially unsound; (2) that it fosters disrespect for the law; and (3) that it has been abandoned by most of our sister States, such arguments are better addressed to the supreme court or the legislature. They provide no basis upon which we may contravene *Maki.*

Plaintiff does argue, however, that two new considerations, not before the *Maki* court, would allow us to adopt comparative negligence. First, she claims that the doctrine of contributory negligence, as a complete bar to recovery, violates article I, section 12 of the Illinois Constitution of 1970, which provision reads as follows:

"Every person *shall* find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He *shall* obtain justice by law, freely, completely, and promptly." (Emphasis added.)

We must disagree.

Section 12 incorporates the guarantees formerly contained in article II, section 19 of the Illinois Constitution of 1870. Besides rearranging the wording and placement of this provision, the only change was to substitute the word "shall" for "ought to" to make the statement of the principle more emphatic. (See Ill. Ann. Stat., 1970 Const., art. I, §12, Constitutional Commentary, at 556 (Smith-Hurd 1971).) This change has had, and was meant to have, no substantive effect on Illinois law. (See *People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529; *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659; Gertz, *Hortatory Language in the Preamble and Bill of Rights of the 1970 Constitution,* 6 J. Mar. J. of Prac. & Proc. 217, 223-27 (1973).) It created no new constitutional right.

Like its predecessor, therefore, section 12 is "an expression of a philosophy and a mandate that a 'certain remedy' be provided in any

specific form or that the nature of the proof necessary to the award of a judgment or decree continue without modification." (*Sullivan v. Midlothian Park District*(1972), 51 Ill. 2d 274, 277, 281 N.E.2d 659, 662.) Thus, it is, for example, that such a constitutional provision may be legitimately "tempered" in such a manner as to bar a cause of action via imposition of a statute of limitations or to bar a wife's tort action against her husband. (See *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305; *Steffa v. Stanley* (1976), 39 Ill. App. 3d 915, 350 N.E.2d 886.) Neither did the statutory limitation on the amount of damages recoverable in a wrongful death action violate the section 12 "guaranty" of "complete" justice. (See *Goldstein v. Hertz Corp.* (1973), 16 Ill. App. 3d 89, 305 N.E.2d 617.)[1] Thus, in our view, nothing in section 12 guarantees recovery for all injuries regardless of one's culpability. The contributory negligence doctrine is not unconstitutional under this section.

Lastly, plaintiff argues that the recent Illinois Supreme Court opinion in *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, rejects the conceptual foundations of the *Maki* decision. We disagree. In *Skinner* our supreme court abolished the previously well-settled Illinois rule prohibiting contribution between tortfeasors. However, we believe that one may not legitimately read *Skinner* as also abolishing the doctrine of contributory negligence.

■■ *Skinner* involved a suit based on strict tort liability in which the manufacturer-defendant brought a third-party complaint for contribution against the plaintiff's employer. In allowing this action the court held that the third-party complaint alleged misuse of the product and assumption of the risk on the part of the employer. Therefore, it sufficiently stated a cause of action for contribution "based on the relative degree to which the defective product and the employer's misuse of the product or its assumption of the risk contributed to cause plaintiff's injuries." (70 Ill. 2d 1, 16, 374 N.E.2d 437, 443.) In so doing, the court reaffirmed, in *dictum*, previous case law that misuse of a product or assumption of the risk *bars recovery* by a user or idemnity to a third-party plaintiff. (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305; *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.* (1975), 62 Ill. 2d 77, 338 N.E.2d 857.) Thus, while "simple contributory negligence" is not an issue in strict liability cases, certain types of plaintiffs' conduct will still act to bar recovery. (See *Williams v. Brown Manufacturing Co.*) We believe this *dictum* is a clear indication

---

[1] The statutory limit of recovery at the time of the death of plaintiff's decedent on October 19, 1965, was $30,000. However, there is no limitation where death occurrs after August 18, 1967. (See Ill. Rev. Stat. 1975, ch. 70, par. 2.)

that the more broad concept of contributory negligence should still act to bar a plaintiff's recovery in common law negligence actions. Indeed, these two strict liability bars to recovery, misuse and assumption of the risk, have been loosely described as more limited, or narrower, forms of contributory negligence. (See *Brown v. Williams Manufacturing Co.;* 63 Am. Jur. 2d *Products Liability* §§136, 149, 150 (1972); Restatement (Second) of Torts §402A, comment *n* (1965); Prosser, Torts §79, at 523 (4th ed. 1971).) Thus, we conclude that, unchanged by *Skinner,* contributory negligence is still the law in Illinois. If the supreme court wishes to go beyond *Skinner* and adopt comparative negligence it may certainly do so. This court, however, may not and is still bound to follow the dictates of *Maki v. Frelk.*

For all of the foregoing reasons the order of the circuit court of Cook County denying plaintiff's post-trial motion is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.