MARSHALL E. SAMPSELL, Receiver,

*v.*

JOHN A. RYBCYNSKI *et al.*

*Opinion filed October 23, 1907.*

1. TRIAL—*plaintiff's evidence must be taken as true on motion to direct a verdict.* Upon motion for an instruction directing a verdict for the defendant the evidence for the plaintiff must be taken as true, and if such evidence tends to sustain the plaintiff's cause of action the motion is properly denied.

2. STREET RAILWAYS—*when rule against teamsters obstructing cars has no application.* The rule of law giving street cars the right of way over teams and requiring teamsters not to obstruct such cars has no application to a case where the conductor of a car thought the car could pass by a wagon in safety and signaled the motorman to go ahead without requesting the moving of the team by the driver, who was standing at their heads and who was fatally injured by the tongue of the wagon striking him when the car collided with the wagon.

3. SAME—*what does not amount to a voluntary assumption of risk.* The fact that a teamster stands at his horses' heads in a position where he cannot see between the team and an approaching street car, and says "Take it easy," as the motorman, after stopping the car in the belief he could not pass the wagon in safety, starts the car in obedience to a signal from the conductor, who was of the opposite opinion, does not, of itself, amount to a voluntary assumption by the teamster of the risk of injury from remaining in that position while the car attempted, unsuccessfully, to pass.

4. INSTRUCTIONS—*it is not error to refuse to repeat instructions.* It is not error for the trial court to refuse instructions which are substantial repetitions of rules of law announced in other instructions which are given.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

C. C. H. Zillman, and Joseph B. David, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

Peter Ficht was employed in hauling asphalt with his team for the R. F. Conway Company, a corporation, which was laying an asphalt pavement in Garfield avenue, in the city of Chicago, in the block next east of Halsted street. It was necessary for him to drive with his load to the place where the material was to be deposited. He drove up with a load and was directed by the man who dumped the wagon to unload it just south of the car track of the Chicago Union Traction Company, at a point from sixty to seventy-five feet east of Halsted street. He drove to the place designated and the team stood near the track, facing toward the west, and the front of the wagon was nearer the track than the rear. The wagon had a sheet-iron box, which could be tipped up in front to an angle of forty-five degrees to permit the asphalt to run out at the rear end, and after most of it had run out the dumper would scrape out the remainder from behind. The box was tipped up as usual and the asphalt ran out on the pavement. While this was being done a closed street car came up from the east and passed the wagon in safety. Shortly afterward an open car approached while the dumper was scraping out the remaining asphalt from the box. The car had a foot-board on the side next the wagon which was folded up against the side of the car, and the car was stopped from five to seven feet from the end of the wagon. The motorman thought there was not room enough to pass the wagon, but the conductor looked at the situation and rang the bell to go ahead. The car started up and Ficht went to the head of the team on the south side, with the heads of the horses between him and the car track, and held the horses by the reins, between the hames and the bits. The front part of the car passed the front wheel without striking it, but an iron strap near the middle of the foot-

board struck the hub of the front wheel in the rear, throwing the end of the tongue around to the side where Ficht stood, and he was struck in the stomach either by the end of the tongue or the end of the neck yoke, and died shortly afterward. Appellees, as administrators of his estate, brought this suit in the superior court of Cook county against the receivers of the traction company and recovered a judgment. An appeal was taken to the Appellate Court for the First District and the cause was assigned to the branch of that court, where the death of one of the receivers was suggested and the judgment was affirmed against appellant, the surviving receiver, who prosecuted a further appeal to this court.

The trial court refused to direct a verdict of not guilty at the request of defendants, and the refusal is assigned as error. To sustain that assignment counsel contend that Ficht, with full knowledge of the situation, deliberately took the chances of the collision between the street car and his wagon which caused his death, and therefore was guilty of contributory negligence as a matter of law. They insist that he was guilty of a neglect of the duty imposed upon him by the law to remove his wagon from proximity to the track; that he gave an invitation to the motorman to come ahead, and that, knowing the situation fully, he elected to remain where he was and took upon himself the risk of being injured in the position where he saw fit to stand. If these facts had been proved and not controverted, the inevitable conclusion would be that Ficht was guilty of negligence equally with the motorman and conductor. When the car stopped and the motorman was of the opinion that he could not get by with safety, if Ficht told the motorman and conductor to go ahead, that other cars had passed and there was lots of room, and it was on his assurance and invitation that the attempt to pass was made, his administrators could not say that he was free from negligence in giving the assurance and invitation but the motorman and conductor were guilty of negligence in complying therewith.

But that is not the state of the record. The questions whether Ficht understood the situation and the probability of a collision, and whether he gave any assurance or invitation, were both controverted and issues of fact were raised as to both. The evidence for the plaintiffs was, that some of the persons there called to the motorman that they did not think he could pass and the motorman said to the conductor he did not think he could make it, but the conductor told him to go ahead and try his hand, or something to that effect, and rang the bell to go ahead. The dumper who was scraping out the wagon testified that he told the motorman he did not think he could get by, but the conductor looked out and said to the motorman that he thought he could make it. The evidence for plaintiffs tended to show that Ficht did not tell the motorman to come ahead, or anything of the kind; that he said nothing and gave no assurance that there was room to pass; that he said nothing except to hold up his hands and say, "Take it easy." He was standing on the south side, with the team between him and the car. That he stood south of the heads of the horses is proven beyond controversy by the fact that he was struck in the stomach by the end of the tongue or the end of the neck-yoke when the tongue was thrown south by the car striking the wheel. It would be impossible for a man standing where he was, to see what was going on opposite the team, or to be looking along the line between the car and wagon so as to know that a collision was about to occur. There was evidence for the defendants that the team was moved nearer the track just before the collision, but that was contradicted. On the motion to direct a verdict the evidence for the plaintiffs was to be taken as true, and the court did not err in refusing to give the direction.

It is assigned for error that the court erred in refusing to give the third, fourth and fifth instructions as requested by the defendants, and the remainder of the argument is devoted to that subject. The third instruction stated that

if the sole cause of the accident was the manner in which the team and wagon was managed plaintiffs could not recover. The court gave an instruction numbered 16, which informed the jury that if the sole cause of the injury to the plaintiffs' intestate was the negligent manner in which the team and wagon was managed they should find the defendants not guilty. If the cause of the accident was the manner in which Ficht managed his team it was necessarily negligent, and the two instructions covered the same ground. It was not error to refuse to repeat the same rule of law.

The fourth instruction which was refused commenced with the statement of a correct rule of law to this effect: That by reason of its convenience to the public as a carrier of passengers and because of the inability of its cars to turn out, a street railway company is invested with a right of way over other vehicles over the portion of the street occupied by its tracks, and it is the duty of the person in charge of a team and wagon standing near said track to turn out or move said team and wagon away from said track and allow the street cars to pass, and to exercise ordinary care not to obstruct or delay such street cars. Cars cannot turn to the right or left but must move along the rails laid down in the street, and the public interest demands that they should be run without delay. It is therefore the duty of persons with teams to leave the track or move away from it and allow the street cars to pass, whenever their presence serves to impede the passage of the cars. (*North Chicago Electric Railway Co.* v. *Peuser,* 190 Ill. 67; *Chicago Union Traction Co.* v. *Jacobson,* 217 id. 404.) The instruction then proceeded to apply that rule law to this case, and advised the jury that if the plaintiffs' intestate neglected the duty so stated and failed thereby to exercise ordinary care for his own safety, and he was thereby injured, they should find the defendants not guilty. Each party to a lawsuit has a right to have the court give instructions stating the law applicable to the evidence presented by such party, so that

if the jury find the facts in accordance with such evidence they may correctly apply the law thereto. But in this case it was not the theory of the defendants that Ficht was obstructing the track or delaying the street cars. The motorman was of the opinion that he could not get by, and if that opinion had been adhered to Ficht would have been requested to get out of the way and it would have been his duty to do so, but in the opinion of the conductor the wagon was not obstructing or delaying the car and he rang the bell to go ahead, not expecting any collision. The theory of the defendants was that both parties thought the wagon was far enough away to pass in safety. Their claim was that there was no difference of opinion on that subject at all, and the question whether a person knowingly obstructing the passage of a car could recover for an injury was in no way involved. Neither was the question whether it is the duty of a person on or in close proximity to a track to get out of the way without being warned or ordered to do so.

The fifth instruction which was refused stated that if the jury believed, from the evidence, that the team and wagon were standing in the street a sufficient distance from the track to allow the car to pass in safety, and after the first part of the team was passed in safety the horses turned or were turned so as to come in collision with the car, plaintiffs could not recover. The court gave the seventeenth instruction, which stated that if the horses attached to the wagon started to move while the car was passing, and the starting or moving of the horses was the sole cause of the accident, then the plaintiffs could not recover. If the car would have passed in safety in case the horses had not moved and they turned or were turned so as to come in collision with the car, the moving was the sole cause of the accident, and the refused instruction covered the same ground as the one which was given.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*