**Harold R. Adams, Plaintiff-Appellee, v. Ford Motor Company, a Corporation, Defendant-Appellant.**

**Gen. No. 67–127.**

Fifth District.

December 17, 1968.

John E. Jacobsen, Craig & Craig, of Mt. Vernon, for appellant.

Gosnell, Benecki & Quindry, and Roscoe D. Cunningham, of Lawrenceville, for appellee.

GOLDENHERSH, P. J.

Defendant appeals from the judgment of the Circuit Court of Lawrence County in the amount of $9,500 entered upon a jury verdict in plaintiff's action for personal injuries and property damage.

In his complaint plaintiff alleges the purchase of a pickup truck manufactured by defendant, defendant's failure to securely fasten the cab to the chassis and frame, the existence of an unreasonably dangerous condition when the vehicle left defendant's control, and that plaintiff was injured and his vehicle destroyed as the result thereof. Plaintiff also alleged freedom from contributory negligence.

The evidence shows the vehicle was purchased on July 25, 1966. On August 18, 1966, when the truck had been driven approximately 1,800 miles, plaintiff was rounding a curve, the truck ran onto the rippled area separating two lanes of traffic, veered to the right and went down an embankment. When it came to rest the cab was separated from the chassis.

A witness called by plaintiff testified that early in August 1966, he installed a trailer hitch and tow bar on the truck, and while the truck was jacked up he discovered a bolt was missing. Plaintiff's exhibit 3, a photograph of the bottom of the cab, taken after the occurrence, shows five bolts, and what appears to be a hole intended for a sixth bolt, in the left front of the bottom of the cab.

An engineer employed by defendant, called by plaintiff under section 60 of the Civil Practice Act, testified that when trucks of the type here involved are assembled,

the cab is fastened to the chassis by means of bolts at six different locations. Later, when called in the defendant's case, he stated that plaintiff's exhibit 3 showed the areas where these bolts are mounted. A mechanic employed by the dealer from whom the truck was purchased testified that he prepared it for delivery, and all six bolts were present at that time.

Defendant contends that plaintiff failed to prove his injury and damages resulted from an unreasonably dangerous condition of the product which existed at the time it left defendant's control, and the court erred in denying its motion for directed verdict.

■ ■ In Lindroth v. Walgreen, 407 Ill 121, 94 NE 2d 847, the Supreme Court said at page 133, "In Devine v. Delano, 272 Ill 166, and Town of Cicero v. Industrial Commission, 404 Ill 487, this court held the rule to be that reasonable inferences may be drawn from established facts and all that can be reasonably required to establish controverted facts, whether the evidence be direct or circumstantial, is that the evidence creates a greater or less probability leading, on the whole, to a satisfactory conclusion." And at page 135, "A verdict may not be set aside merely because the jury could have drawn different inferences or because judges feel that other conclusions than the one drawn would be more reasonable."

■ ■ There is evidence from which the jury could draw the inference that the bolt was missing when the truck left defendant's control, that by reason thereof, there existed an unreasonably dangerous condition, which caused plaintiff's injury, and applying the rule of Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, the court did not err in denying defendant's motion for a directed verdict.

■ Defendant contends that having pleaded freedom from contributory negligence, plaintiff was required to prove the allegation, and having failed so to do, the court

359

erred in its refusal to direct a verdict in defendant's favor. Except for this allegation, the case was pleaded and tried on a strict liability theory (Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182) and plaintiff contends the allegation of due care is surplusage.

In Williams v. Brown Mfg. Co., 93 Ill App2d 334, 236 NE2d 125, this court held that in an action pleaded and tried on a theory of strict liability in tort, contributory negligence is an affirmative defense to be pleaded and proved by the defendant. In our opinion, the trial court correctly held the allegation to be surplusage, and that plaintiff was not required to prove freedom from contributory negligence.

Defendant contends the court erred in refusing to permit defendant to amend its answer so as to include therein, as an affirmative defense, the allegation that at the time of, and prior to the occurrence, plaintiff was negligent in one or more of the following: driving at excessive speed, driving while under the influence of intoxicating liquor, failure to keep a proper lookout, failure to keep his vehicle under proper control, and that his injuries were directly and proximately caused by one or more of said acts. The court sustained an objection to the amendment on the ground that any misconduct or omission on plaintiff's part would not be a defense to the action unless it was the sole, and not a concurring or contributory cause of his injury. Consistent with its ruling, the court refused defendant's tendered instructions in the form of IPI 20.01, 10.03 and 11.01.

In Williams v. Brown Mfg. Co., 93 Ill App2d 334, 236 NE2d 125, this court defined "contributory negligence" as it pertains to a case of strict liability in tort. Insofar as here applicable it consists of voluntarily and unreasonably proceeding to encounter a known danger. The allegations contained in the proposed amendment to defendant's answer are sufficient to charge contributory negligence as herein defined.

360

■ ■ We have carefully examined the cases and find no support for the contention that in a case of strict liability in tort, a plaintiff's negligence, to bar recovery, must be the sole, and not a contributory cause of his injury. We hold, therefore, that the trial court erred in its ruling and the judgment must be reversed.

Defendant has briefed and argued two matters which may become material upon retrial.

■ During rebuttal, plaintiff called the Circuit Clerk of Lawrence County, who identified instruments showing one of defendant's witnesses had been found to be in need of mental treatment and ordered confined to Anna State Hospital on December 8, 1961, and again on June 26, 1963. Records offered and admitted in evidence show him to have been given an absolute discharge from the first confinement on February 8, 1962, and from the second on August 26, 1963.

Defendant contends the court erred in admitting the evidence of the witness' need of mental treatment, and plaintiff argues that although mental weakness which falls short of complete mental incapacity does not render a witness incompetent, it may affect his credibility, and the evidence was properly admitted.

In People v. Nash, 36 Ill2d 275, 222 NE2d 473, the Supreme Court rejected the defendant's contention that the trial court erred in refusing to order a psychiatric examination of the People's principal witness. What was said in that opinion is here applicable, and the trial court erred in overruling defendant's objections to the evidence.

■ Relying upon Bangert v. Emmco Ins. Co., 349 Ill App 257, 110 NE2d 528, defendant contends the court erred in permitting plaintiff to testify as to the value of his truck. The requirements for qualifying a witness as to the value of personalty should not be more stringent than those necessary to qualify a witness as to the value of real estate. In either case the qualification is knowledge of values, Department of Public Works and Build-

361

ings v. Atkins, 68 Ill App2d 98, 215 NE2d 452. Such knowledge may be acquired with respect to motor vehicles in the same manner as is knowledge of the value of realty, and other forms of personalty. To the extent that the holding in Bangert v. Emmco Ins. Co. (supra) is to the contrary, we elect not to follow it.

We have reviewed defendant's remaining contentions, and since the situations out of which the alleged errors arose are not likely to recur upon retrial, we do not further discuss them, except to point out that the credibility of the witnesses is a matter for the jury under proper instructions from the court, and additional comments from the court are neither proper nor necessary.

For the reasons set forth the judgment of the Circuit Court of Lawrence County is reversed and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

MORAN and EBERSPACHER, JJ., concur.