No. 12667

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

TAFFORD E. OLTZ,

                    Plaintiff and Appellant,

-vs-

TOYOTA MOTOR SALES, U.S.A., Inc.,
and TOYOTA MOTOR COMPANY, LTD.,

                    Defendants and Respondents.

Appeal from:  District Court of the Eighteenth Judicial District,
             Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Bennett and Bennett, Bozeman, Montana
        Lyman H. Bennett, Jr., argued, Bozeman, Montana

    For Respondents:

        Berg, Angel, Andriolo and Morgan, Bozeman, Montana
        Charles F. Angel argued, Bozeman, Montana

Submitted:  November 20, 1974

Decided: FEB 18 1975

Filed: FEB 18 1975

*Thomas J. Kearney*
                           Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment and order of the district court, Gallatin County. This action is a sequel to Brandenburger v. Toyota Motor Sales, U.S.A., Inc., decided by this Court on August 7, 1973, and reported in ____Mont.____, 513 P.2d 268, 30 St.Rep. 808.

In his complaint plaintiff Tafford Oltz sought damages for personal injuries and property damage suffered in the same accident involved in Brandenburger. Recovery was predicated on an alleged breach of implied warranties of merchantability and fitness for a particular purpose, negligence, and strict liability in tort. The action was submitted to the court on the pleadings, the transcript of the Brandenburger case and this Court's decision in that case. Both parties requested summary judgment, and the court granted defendants' motion.

Defendants Toyota argue that the jury verdict in Brandenburger finding Oltz guilty of gross negligence which contributed to Brandenburger's death is res judicata on the question of whether Oltz was guilty of any negligent act which contributed to the accident. It is plaintiff's position that a judgment in favor of a plaintiff in an action against two or more defendants is not res judicata or conclusive as to the rights and liabilities of the defendants among themselves in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action by a cross claim or other adversary pleading or such issues were tried by consent and determined by judgment in the first action.

The difficulty in plaintiff's position on appeal is that he chose to put his case to decision by a request for a summary judgment in his favor based on Brandenburger. The verdict of the jury and the decision of this Court in Brandenburger are res judicata on certain controlling facts. The facts established in that case are: That Oltz was found grossly negligent in the operation of his vehicle

and that such negligence contributed to Brandenburger's death. The effect of this decision is that it is res judicata to all parties in the instant case in that Oltz was grossly negligent and contributed to the death of/Brandenburger and Toyota was either guilty of negligence in the manufacture and design or that the vehicle was in a defective and unreasonably unsafe condition, either of which contributed to the death of Brandenburger. We have no way of knowing upon which theory the jury found against Toyota in Brandenburger.

As between the parties here, this Court's decision in Brandenburger made no determination that defendants were strictly liable to plaintiff for any injuries suffered by him. That issue was not before the Court. The decision of this Court found that the doctrine of strict liability in tort was applicable in Montana; that the instructions given on the issue were correct; that there was sufficient evidence to show that the vehicle was in a defective and unreasonably dangerous condition; and, that such condition contributed as a proximate cause of Brandenburger's death.

Having found that plaintiff's gross negligence was a proximate cause of Brandenburger's death, there is no way we can logically find that such gross negligence was not a proximate and contributing cause of his own personal injuries. The test for proximate cause in Montana is the "but for" test. Ford v. Rupple, 161 Mont. 56, 504 P.2d 686. It is obvious the jury in Brandenburger determined that "but for" plaintiff Oltz's gross negligence in operating the Toyota, it would not have left the highway. Therefore, such gross negligence is not only a proximate contributing cause of Brandenburger's death, but also a proximate contributing cause of his own injuries.

We have carefully examined the authorities cited by both parties and hold that where, as here, in a strict liability case involving an alleged manufacturing defect that was unknown to the operator and which apparently had nothing to do with causing the accident in question but merely contributed to the operator's injuries, his own contributory negligence in the operation of the vehicle so as to

cause it to leave the highway is a proper defense. Adams v. Ford Motor Co., 103 Ill.App.2d 356, 243 N.E.2d 843; General Motors Corporation v. Walden,(CCA 10th Cir. 1969), 406 F.2d 606.

The summary judgment granted by the trial court is affirmed.

_____
                                          Justice

We Concur:

_____
   Chief Justice

_____

_____

_____
   Justices.


. . . . . . . . . . . . . . . . . . . . . . .

Mr. Justice Frank I. Haswell, specially concurring:

I concur in the result. However, in my view, the rule of collateral estoppel rather than res judicata is involved here. See: Gessell v. Jones, 149 Mont. 418, 427 P.2d 295, for the distinction.

_____
                   Justice

- 4 -