JOHN S. ERVIN, Plaintiff-Appellee, *v.* SEARS, ROEBUCK & COMPANY *et al.*, Defendant-Appellant.

Fifth District No. 73-256

Opinion filed February 17, 1976.

Roberts, Gundlach & Lee, of Belleville (Carl W. Lee and Terry N. Brown, of counsel), for appellant.

Richard Shaikewitz, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

We granted leave to appeal pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1973, ch. 110A, par. 306) from an order of the Circuit Court of Madison County granting plaintiff-appellee's motion for a new trial. The lawsuit arose from an accident in 1962 wherein plaintiff was injured when thermal underwear sold by defendant-appellant caught fire. Plaintiff was instructed by his employer to descend about 500 feet in a narrow shaft to cut a hole in steel couplings on the side of the shaft. Plaintiff was dressed in the thermal underwear and coveralls and was also wearing a heavy two-piece slicker, apparently open at the neck. While working in the shaft with a cutting torch using an oxygen rich acetylene mixture, a spark of molten metal apparently entered the neck and lodged in the crotch area of the underwear beneath the slicker and coveralls. The material flamed, described by a witness as over 30 feet in the air, and plaintiff was severely burned before he could be removed from the shaft.

The complaint filed in early 1963, charged negligence on the part of defendant in selling without appropriate warnings, highly flammable underwear and, in a separate count, alleged an express and implied warranty of the fitness and merchantability of the underwear by defendant. In 1969, plaintiff amended the complaint to add a count charging strict products liability in tort. The case was tried before a jury in 1970. Plaintiff tendered instructions on the negligence and implied warranty counts which instructed the jury that plaintiff must have been "exercising ordinary care for his own safety" at all times. The court refused tendered instructions on express warranty. Plaintiff also tendered an issues instruction on strict liability which omitted any reference to a duty on the part of plaintiff to exercise due care for his own safety. It was followed closely, however, by Illinois Pattern Instruction 10.03, which again stressed plaintiff's duty to use "ordinary care" for his safety and IPI No. 10.02 defining "ordinary care." Plaintiff also tendered an issues instruction, IPI No. 20.01 (modified), similar to the previous instruction on strict liability which included plaintiff's duty of ordinary care for his own safety as an issue in the case. Defendant tendered a

modified version of IPI No. 10.03 which added that plaintiff must have been "free from contributory negligence" and IPI No. 11.01 defining contributory negligence. All of these instructions were given and the jury returned a general verdict for the defendant. A special interrogatory tendered by the defendant which asked the jury if plaintiff was free from contributory negligence was refused. Plaintiff filed a motion for new trial on February 4, 1970, raising several points of alleged error. Additional points of error were filed on February 20, 1970, which raised for the first time plaintiff's contention that the jury was improperly instructed because of the supposed confusion in the state of the law as to defenses to strict liability in tort at the time the case was tried.

In July, 1972, the court issued an order granting plaintiff a new trial. In an accompanying opinion, the court stated its belief that, regardless of the counts alleging negligence and implied warranty, the case was actually tried on strict liability in tort. Further, the court noted apparent confusion which had occurred at the instruction conference about the necessity of plaintiff pleading and proving freedom from contributory negligence as to the strict liability count. After reviewing the case law development in strict liability cases occurring since the commencement and trial of the lawsuit, the court concluded that the instructions tendered on plaintiff's duty of care were erroneous and that justice required a new trial. Upon motion of defendant, the court agreed to review its ruling. In a second opinion, the court rejected defendant's argument that its case was founded solely upon a defense to the strict liability count and that, therefore, the jury's verdict was conclusive regardless of the erroneous instructions. And, although the court recognized the rule that a party may not assign error in instructions tendered by it, it reaffirmed the previous opinion and order.

Because of the unique nature of this case and its relation in time to the developments in the law of strict liability in tort, a brief review of the underlying cases appears necessary. Strict liability in tort for all products was first recognized in Illinois in *Suvada v. White Motor Co.,* 32 Ill. 2d 612, 210 N.E.2d 182 (1965), as the logical extension of the long-standing application of the rule to food products. The instant case was filed in 1963, two years prior to *Suvada.* That case and the further refinement of the doctrine in *People ex rel. General Motors Corp. v. Bua,* 37 Ill. 2d 180, 226 N.E.2d 6 (1967), apparently prompted plaintiff to amend the complaint to allege strict liability. In 1968, this court decided *Williams v. Brown Manufacturing Co.,* 93 Ill. App. 2d 334, 236 N.E.2d 125 (1968). Relying on *Bua,* we held that the contributory negligence of a plaintiff was properly an issue in a strict liability action and, if pleaded and proved as an affirmative defense by defendant,

constituted a bar to recovery. The Supreme Court subsequently granted leave to appeal. Subsequent to *Williams,* but prior to plaintiff's amendment of his complaint, this court decided *Adams v. Ford Motor Co.,* 103 Ill. App. 2d 356, 243 N.E.2d 843 (1968), wherein we held that an allegation in plaintiff's complaint under strict liability in tort that he was free from contributory negligence was surplusage, and again clearly stated that contributory negligence in strict liability was an affirmative defense to be pleaded and proved by defendant.

That was the state of the law when the instant case was tried in January, 1970. Between the trial in this cause and the ruling on plaintiff's post-trial motion, however, the Supreme Court decided *Williams v. Brown Manufacturing Co.,* 45 Ill. 2d 418, 261 N.E.2d 305 (1970). The court reversed our decision and held that a plaintiff need neither plead nor prove freedom from contributory negligence in strict liability nor may the defendant plead it as a defense to plaintiff's claim, but that the defendant may plead assumption of risk as an affirmative defense. It was on the weight of this decision that the court in the instant cause vacated the jury verdict and ordered a new trial.

The trial court has broad discretion to grant a new trial and its decision should not be disturbed unless the record shows a clear abuse of that discretion. (*Klatt v. Commonwealth Edison Co.,* 33 Ill. 2d 481, 211 N.E.2d 720 (1965); *Department of Public Works & Buildings v. Russell,* 28 Ill. 2d 491, 192 N.E.2d 900 (1963).) In the instant case, however, we find a clear abuse of discretion and must reverse the order granting a new trial.

Contrary to the trial court's ruling and the allegations of plaintiff-appellee, we believe that the supposed "confusion" existing in the law of strict liability at the time the instant case was tried played little or no part in the pleadings or instructions complained of here. Even under the law applicable prior to the Supreme Court's opinion in *Williams,* plaintiff was under no duty to plead or prove freedom from contributory negligence under the count alleging strict liability. (*Adams v. Ford Motor Co.*) Had it been raised by the defendant in its answer to the amended complaint, a different situation might be presented. But the defendant did not answer the amended complaint and at no time raised the affirmative defense of contributory negligence or assumption of risk to strict liability.

As to the suggestion that the law was in a state of confusion we note that in our opinion in *Williams,* we quoted with approval Comment *n* to section 402(a) of the Restatement (Second) of Torts (1965) and expressly held, "For the purposes of this opinion contributory negligence is defined as voluntarily and unreasonably proceeding to encounter a

known danger or proceeding unreasonably to make use of a product after discovery of a defect and becoming aware of the danger. * * * In determining the issue of contributory negligence, the conduct of the plaintiff is not to be measured against the objective standard of conduct of a reasonably careful person, but is to be determined by the subjective test of whether the particular plaintiff has proceeded unreasonably to use the product after he has discovered the defect and become aware of the danger, or has voluntarily and unreasonably proceeded to encounter a known danger." (93 Ill. App. 2d 334, 347-48, 236 N.E.2d 125, 133.) Although called "contributory negligence," it is clear that the type of plaintiff conduct which will bar recovery is that which "commonly passes under the name of assumption of risk." Restatement (Second) of Torts, §402(a), Comment n (1965).

At trial, plaintiff proceeded upon all counts of his complaint and tendered instructions on all counts, including two separate issues instructions on strict liability, one alleging due care by plaintiff and one not. It is now his contention that the former was correct under pre-*Williams* law and that the latter is correct now, after *Williams*. As noted above, however, this is not the case. Plaintiff chose to proceed as though he had a burden to plead and prove freedom from contributory negligence even in the face of our decisions in *Williams* and *Adams*. It was his privilege to proceed upon any and all theories of liability he thought appropriate and have the jury instructed on each theory upon which evidence was presented. (*Blanchard v. Lewis*, 414 Ill. 515, 112 N.E.2d 167 (1953).) But he cannot now be heard to complain that the instructions he tendered pursuant to those theories, and even though incorrect at the time tendered, denied him a fair trial.

Our opinion on this point is strengthened by our belief that, contrary to the trial court's opinion in this case, the record indicates defendant's defense and argument rested on the theory that the product sold by it was not unreasonably dangerous and only peripherally on the issue of contributory negligence. It is clear from the record that evidence introduced by defendant was intended to convey this theory and we believe that the jury's verdict was based upon the nature of the garment when used in the circumstances in which plaintiff was injured and not upon any contributory negligence of the plaintiff.

We hold therefore that the trial court abused its discretion in granting plaintiff a new trial and the order of the Circuit Court of Madison County is reversed and the cause is remanded with directions that the court enter judgment on the verdict of the jury.

Reversed and remanded with directions.

JONES and CARTER, JJ., concur.