(No. 48400.—

JOHN S. ERVIN, Appellant, v. SEARS, ROEBUCK & COMPANY *et al.*—(Sears, Roebuck & Company, Appellee.)

*Opinion filed November 15, 1976.*

GOLDENHERSH, J., took no part.

Wiseman, Shaikewitz, McGivern & Wahl, of Alton (Richard Shaikewitz, of counsel), for appellant.

Gundlach, Lee, Eggmann, Boyle & Roessler of Belleville (Carl W. Lee, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal involves a claim for damages for personal injuries which arose from an accident in January 1963. The case was tried before a jury in the circuit court of Madison County and resulted in a general verdict for the defendants, Sears, Roebuck & Company and Dewey Ward, manager of the Sears store at Alton (hereinafter referred to as defendant). Plaintiff filed a motion for a new trial which was granted. The appellate court reversed the order granting a new trial and remanded the cause to the circuit court with directions to enter judgment on the verdict. (36 Ill. App. 3d 64.) We granted leave to appeal, and affirm the decision of the appellate court.

The determinative issue involves the instructions which were given to the jury. Plaintiff's injuries occurred at a construction site where he was employed as a welder. He descended more than 400 feet into a narrow shaft where he was to burn a hole in a steel coupling. Plaintiff was dressed in thermal underwear, which had been purchased from defendant, coveralls and a two-piece slicker used to protect the workman's clothing. While working with a cutting torch, a spark of molten metal struck plaintiff about the chin and fell between the coveralls and the thermal underwear. The spark became lodged in plaintiff's groin area. Plaintiff contends that the thermal underwear caught fire and flames shot up around him. He suffered severe burns before he was able to be extricated from the shaft.

Plaintiff's original complaint was filed on December 11, 1964, and was in two counts. Count I alleged a breach of an implied warranty, or in the alternative a breach of an

express warranty, in regard to the purchase of the thermal underwear. Count II alleged a cause of action based on negligence. Count II alleged that defendant had negligently failed to inspect the thermal underwear and thus did not discover and disclose that the product was highly flammable. Defendant filed an answer and did not allege any affirmative defenses.

Following the decision of this court in *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, plaintiff amended both counts of the complaint in order to state a cause of action on the theory of strict liability in tort. This was accomplished by adding a paragraph to each count which alleged that the underwear was unreasonably dangerous and defective on the date of purchase. Defendant, again, filed no affirmative defenses.

At the conference on instructions plaintiff tendered instructions on all the theories raised by the complaint as amended. Plaintiff tendered a full complement of standard instructions on the negligence and implied warranty counts. The trial court refused all instructions concerning express warranty. Plaintiff also tendered two separate instructions on strict liability. The second of these instructions stated that the plaintiff claimed he had sustained the injuries "while exercising ordinary care," and that the defendant "denies that Plaintiff was in the exercise of ordinary care." The first strict liability instruction contained no such references. Both of these instructions were submitted to the jury over the defendant's objections. Defendant tendered an instruction which, in part, stated that the plaintiff must have been "free from contributory negligence," and an instruction which defined contributory negligence. Neither instruction stated to which theory of recovery it was to apply, and both were submitted to the jury. Defendant also tendered a special interrogatory which asked whether the plaintiff was free from contributory negligence. Plaintiff objected to the giving of the special interrogatory to the jury because it

did not specify to which theory of recovery it applied. The trial court refused to submit the special interrogatory to the jury.

Following the jury verdict in favor of the defendant, plaintiff filed a motion for a new trial and an amended motion for a new trial. Among the errors alleged was the contention that the jury had been improperly instructed. The trial court's order granting a new trial was accompanied by a lengthy opinion in which the trial judge stated that there had been confusion at trial as to the necessity for plaintiff to prove freedom from contributory negligence. The trial court further noted that decisions subsequent to the trial made it clear that freedom from contributory negligence is not an element of a cause of action for strict liability in tort. The trial court therefore concluded that the interests of justice required a second trial. In a supplemental opinion, issued following a rehearing, the trial court reiterated its belief that the entire defense was predicated upon the theory of contributory negligence.

The sole issue to be decided is whether the order granting a new trial constituted an abuse of the trial court's discretion. The decision of a trial court to grant a new trial is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown. (*Klatt v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 481, 494.) We find that such an abuse of discretion occurred in the present case.

The rule is well settled that a party may not assert error on the basis of instructions which he has caused to be given to the jury. (*People v. Riley* (1964), 31 Ill. 2d 490, 496; *Noncek v. Ram Tool Corp.* (1970), 129 Ill. App. 2d 320, 329; *Burgh v. Crane Construction Co.* (1968), 102 Ill. App. 2d 188, 195; 35 Ill. L. & Pr. *Trial* sec. 271 (1958).) The rationale of this rule is obvious. It would be manifestly unfair to allow one party a second trial upon the basis of error which he injected into the proceedings.

While we do not foreclose the possibility that there might be unusual circumstances under which the interests of justice require a relaxation of this rule, the present appeal does not involve such an exceptional case.

Initially, we find no basis for the granting of a new trial in the negligence instructions tendered by the plaintiff or in the instructions tendered by the defendant which related to contributory negligence. In its opinion, the trial court expressed its belief that this case should have proceeded solely upon the theory of strict liability in tort and that the various instructions relating to negligence were erroneous. The trial court also stated that the allegations of negligence and breach of warranty were mere surplusage. We cannot agree that all the negligence and contributory negligence instructions were improper.

Plaintiff had the right to plead and introduce proof upon all the theories of recovery which he desired. Plaintiff also had the right to have the jury clearly and fairly instructed upon each theory which was supported by evidence. (*Blanchard v. Lewis* (1953), 414 Ill. 515, 523; *Sampsell v. Rybcynski* (1907), 229 Ill. 75; *Hitt v. Langel* (1968), 93 Ill. App. 2d 386; *Wrighthouse v. Brown* (1964), 52 Ill. App. 2d 191.) Plaintiff introduced evidence to support his theory of negligence, tendered instructions upon that theory, and argued the question before the jury. As noted above, during the conference on instructions plaintiff acknowledged that the case had been tried on several theories of recovery by objecting to the special interrogatory on contributory negligence as not specifying to which theory of recovery it applied. The submission of the instructions on the issue of negligence to the jury does not, therefore, provide any basis for the order granting a new trial.

Neither is there any justification for the trial court's order in the instructions tendered by defendant. Defendant tendered an instruction which stated that the plaintiff must have been free from "contributory negligence" which

was similar to one tendered by plaintiff and given. A second defendant's instruction was given which defined contributory negligence. Plaintiff is precluded from challenging these instructions, as they were invited and caused by his own pleadings and previously tendered instructions. *Horst v. Morand Brothers Beverage Co.* (1968), 96 Ill. App. 2d 68, 81.

We next consider the effect of the giving of plaintiff's two instructions on strict liability in tort. The one instruction did not include freedom from contributory negligence as an element of a cause of action in strict liability. The other instruction did contain reference to plaintiff's contending that he was injured while "exercising ordinary care." The trial court felt that the latter instruction, though tendered by plaintiff, was a sufficient reason for granting a new trial. We note that the one instruction properly informed the jury of the elements of strict liability recovery. The other instruction informed the jury of the allegations of the amended complaint and answer concerning the strict liability cause of action. Because the amendment to the complaint incorporated this new cause of action in the existing counts instead of pleading it in a separate count, the instruction correctly informed the jury of these allegations. As the instruction states, "plaintiff claims he was injured *** while exercising ordinary care and that the Defendant did the following: ***" and "the Defendant denies that it was guilty of the alleged wrongful conduct *** and denies Plaintiff was in the exercise of ordinary care."

The trial court's decision on this point was apparently predicated upon its opinion that the state of the law concerning contributory negligence in strict liability actions was "hopelessly confused" at the time of trial. The trial court also stated that the defendant's entire defense was based upon the theory of contributory negligence.

As previously stated, the instant case was filed prior to the decision in *Suvada,* which first recognized a cause of

action for strict liability in tort in this State. The trial in this case was completed prior to the decision of this court in *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, an opinion which held that freedom from contributory negligence is not an element of a cause of action for strict liability in tort. Prior to *Williams,* some degree of confusion existed as to the necessity to plead and prove freedom from contributory negligence in a strict liability case. In its opinion reversing the trial court in this case (36 Ill. App. 3d 64, 66-67), the appellate court extensively discussed the state of the law at the time of trial. We, therefore, do not find it necessary to engage in an analysis of the law as it existed at the time this case was submitted to the jury. We do, however, express our agreement with the conclusion of the appellate court that the jury's verdict was not based upon contributory negligence.

Although the plaintiff presented evidence in support of the negligence as well as the strict liability theory, the defendant's evidence at trial was directed entirely toward establishing that the product involved was not unreasonably dangerous. All of the witnesses called by defendant offered expert testimony that the product in question was not unreasonably dangerous in regard to flammability. The notion of contributory negligence arose only during defendant's extensive closing argument, and the references to the subject were short and limited. Also, it was not improper for defendant to make these limited comments since the plaintiff had chosen to proceed upon a negligence theory as well as a theory of strict liability. In sum, we do not consider that the jury's decision was influenced by the instructions in question, or that plaintiff was denied a fair trial by the submission of these instructions to the jury. Lacking prejudice to the plaintiff, no just reason exists to require relaxation of the rule that a party may not assert as error instructions which were given at his request.

We hold, therefore, that, under the circumstances present in this case, it was a clear abuse of discretion for

148

the trial court to disregard the accepted rule that a party may not be granted a new trial upon the basis of his own tendered jury instructions. To the extent that the trial court's order was founded upon its opinion that the entire defense rested on the theory of contributory negligence, we again find a clear abuse of discretion, for the record is devoid of facts sufficient to support such a determination.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.