SANDRA LYNN MITCHELL, a Minor, by Frank Mitchell, her Father and Next Friend, Plaintiff-Appellee, *v.* VINCENT H. SIMS, Defendant-Appellant.

First District (5th Division)   No. 77-1178

Opinion filed July 14, 1978.

Robert G. Peterson, of Chicago, for appellant.

Parillo, Bresler, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, a minor, by her father and next friend, filed a complaint on October 23, 1972, alleging that on July 6, 1968, she was operating a bicycle at 8312 South Rhodes in Chicago; was exercising that degree of care and caution commensurate with her age, experience, capacity and intelligence; and was struck by an automobile which was being carelessly and negligently operated by defendant. As a result, she allegedly sustained severe physical and mental injuries, and, therefore, prayed for a judgment against defendant, for her damages, in the sum of $50,000 plus costs. Defendant filed his answer, and, following a trial, the jury returned a verdict and answered two special interrogatories in favor of defendant. Plaintiff filed a post-trial motion alleging, *inter alia,* that the verdict was against the manifest weight of the evidence, that the court erroneously allowed the special interrogatories to be read to the jury during closing argument and that the court erred in giving certain of defendant's instructions to the jury. On July 15, 1977, the court entered an order setting aside the verdict, vacating the judgment and granting a new trial. Defendant filed a petition for leave to appeal from the order granting a new trial, and on September 17, 1977, this petition was allowed.

■■■ It is a well-established rule that the decision to grant a new trial is an exercise of the trial court's discretion which should not be reversed on appeal unless a clear abuse of discretion is shown. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500; *Klatt v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 481, 211 N.E.2d 720.) Moreover, the trial court has a particularly broad latitude in the exercise of its discretion where plaintiff is a minor, since the court has a special duty to ensure that the rights of an infant are adequately protected. (*Millette v. Adcock* (1968), 99 Ill. App. 2d 32, 241 N.E.2d 128.) Most importantly for the purposes of this appeal, it is clear that the trial court's

order granting a new trial will only be disturbed when the alleged abuse of discretion is affirmatively shown in the record. (*Department of Public Works & Buildings v. Russell* (1963), 28 Ill. 2d 491, 192 N.E.2d 900; *Hamas v. Payne* (1969), 107 Ill. App. 2d 316, 246 N.E.2d 1.) Defendant argues that the new trial was granted because an erroneous reading of *Shaver v. Berrill* (1976), 45 Ill. App. 3d 906, 358 N.E.2d 290, a recent case decided by the second district of this court, led the trial court to conclude that one of the special interrogatories given to the jury was improperly prejudicial. This contention, however, is not supported by the record. Although defendant argues that the supposedly prejudicial interrogatory was the basis for the trial court's order, neither that interrogatory nor the recent case allegedly misread by the court are ever mentioned in the order or elsewhere in the record as being the grounds for the trial court's action. The special interrogatory was only one of the grounds for a new trial cited by the plaintiff in her post-trial motion, along with, *inter alia*, the allegation that the verdict was against the manifest weight of the evidence. Because the record does not affirmatively reflect the error of which defendant complains, we find that there is not sufficient basis for holding that the trial court abused its discretion. The order granting a new trial will accordingly be affirmed, and the cause remanded for further proceedings.

Order granting new trial affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.