JOSEPHINE D. PRASSAS, Plaintiff-Appellant, *v.* NICHOLAS W. PRASSAS & COMPANY *et al.*, Defendants-Appellees and Cross-Appellants.—(LA SALLE NATIONAL BANK, Trustee, Defendant.)

First District (1st Division)    Nos. 80-820, 80-821 cons.

Opinion filed March 16, 1981.—Rehearing denied April 20, 1981.

Phillip E. Couri and Peter C. Economos, both of Couri & Economos, of Winnetka, for appellant.

Robert L. Byman and Deborah H. Cornstein, both of Jenner & Block, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Josephine D. Prassas (plaintiff) brought suit against the La Salle National Bank (trustee), Nicholas W. Prassas & Company, Nicholas W. Prassas, and Elaine Prassas, now known as Elaine Chipman (defendants), to recover management fees and to prohibit the corporation from managing a shopping center on property in which plaintiff and Elaine P. Chipman are co-beneficiaries. After a bench trial, the court denied the relief requested by plaintiff regarding management fees and ordered the shopping center sold at auction. Plaintiff filed a motion for a new trial which was denied. Plaintiff appeals from both orders. Defendants cross-appeal as to the sale of the property.

Prior to October 15, 1954, George W. Prassas and his brother, Nicholas W. Prassas, were the sole shareholders in George W. Prassas & Company (corporation), a real estate management corporation which owned a parcel of land on which a shopping center was constructed. On that date George Prassas, owning 51 percent of the stock, and Nicholas Prassas, owning 49 percent, established a land trust with the La Salle National Bank as trustee. The brothers conveyed the property to the Bank

as such trustee for the benefit of the corporation. The corporation continued to manage the property, but charged no fees for this service. The trust agreement contained no express language concerning management fees.

On November 24, 1957, the corporation executed an instrument entitled "Assignment." This document transferred the beneficial interest in the trust to plaintiff, wife of George Prassas, and Elaine Prassas, now Elaine Chipman, wife of Nicholas, in equal shares. Plaintiff and Elaine Prassas (Chipman) executed an acceptance in which they accepted the assignment, but authorized two officers of the corporation to "sign all necessary documents in connection with the said real estate * * *." The corporation continued to manage the property without compensation.

In 1966 George Prassas died. For seven or eight years thereafter, the shopping center was managed by Nicholas Prassas without fee. At some point dissension occurred between the families of George and Nicholas. In 1974 Nicholas purchased all the interest held by George's heirs, became the sole shareholder of the corporation, and then changed the name to Nicholas W. Prassas & Company.

On August 7, 1974, Elaine Prassas (Chipman) executed an assignment of her interest to Nicholas. Nicholas executed an acceptance of the assignment dated November 21, 1974. On August 7, 1974, Nicholas executed a re-assignment of the property to Elaine Prassas (Chipman). Defendants contend this reconveyance was to correct an error "in record keeping which occurred in connection with a number of transfers of property between Nicholas and Elaine Prassas (Chipman) in preparation for their divorce." Nicholas and Elaine Prassas (Chipman) were divorced in April 1975.

In October 1974, the corporation submitted a document to plaintiff. This agreement would give the corporation a fee of 5 percent of the total gross rentals it collected, retroactive to January 1, 1974. Plaintiff never responded.

In January 1975, the corporation sent plaintiff the semi-annual financial statement for the period from July 1, 1974, through December 31, 1974, and plaintiff's share of the profits. The statement reflected retention by the corporation of a 5 percent management fee of $6260.29 for the preceding year.

Plaintiff demanded payment of this sum, but was refused. The process of charging and deducting the 5 percent fee continued.

## I.

Plaintiff contends the trial court should have ordered return of the fees retained by the corporation and permitted plaintiff to terminate

management by the corporation. Defendants maintain the corporation is entitled to reasonable management fees and to continue its tenure as manager.

The rights of the parties are clearly defined by the land trust agreement and by the assignment executed by the corporation to plaintiff and Elaine Prassas (Chipman). The trust agreement provided the interest of the corporation as beneficiary "shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such * * *." The instrument also provided the "trustee shall have no duty in respect to such management or control * * *" and "will deal with said real estate only when authorized * * *."

In accordance with these provisions, on November 25, 1957, the corporation executed an assignment to plaintiff and Elaine Prassas (Chipman) of the entire beneficial interest in the trust. Plaintiff and Elaine Prassas (Chipman) executed an acceptance of this assignment which included the following:

> "We hereby authorize any two officers of George W. Prassas & Company to sign all necessary documents in connection with said real estate excepting the conveyance of said property."

■■ It is manifest this assignment was subject to the retained managerial rights of the corporation. The beneficial interest assigned to plaintiff and Elaine Prassas (Chipman) was the "right in the avails of said property," as per the trust agreement, and nothing more. The assignees authorized the corporation to manage the property. Accordingly, plaintiff's limited interest prevents her from interfering in the management of the property or from prohibiting the corporation or Nicholas Prassas from managing it. We note here there has been no showing that the corporation has mismanaged the property or mishandled funds.

We also find that in performing its managerial duties the corporation was entitled to charge a fee for its services. Because plaintiff's interest is limited, plaintiff has no legal right to refuse to pay a reasonable fee. There is no legal requirement that the corporation manage the property without compensation. We also note the reasonableness of the management fee is not at issue. Plaintiff has not alleged in her complaint, and there has been no showing, that the fees charged were unreasonable.

■■ Plaintiff contends the failure of the corporation to give advance notice of the fee is a breach of its fiduciary duties. We agree the corporation stands in a fiduciary relation to plaintiff and Elaine P.

Chipman. (See *Ray v. Winter* (1977), 67 Ill. 2d 296, 304-05, 367 N.E.2d 678.) However, we find no breach of fiduciary duty here. As above shown, plaintiff was advised of the intent of the corporation by its letter to her in October 1974. It must be remembered that plaintiff has no existing family relationship with Nicholas Prassas. These management services at issue were rendered after notice that they were not to be deemed gratuitous. Consequently, the law will imply an agreement to pay "for such services in such an amount as they are reasonably worth." *In re Estate of Pomeroy* (1974), 21 Ill. App. 3d 648, 653, 316 N.E.2d 231.

■■ In addition, we find no merit in plaintiff's argument that because there had previously been no charge for these services the corporation is now precluded from charging fees. Plaintiff relies on *Meyer v. Meyer* (1942), 379 Ill. 97, 39 N.E.2d 311, for the proposition that the corporation's actions constitute a gratuitous undertaking. The facts in that case have no similarity to the facts here. *Meyer* involved three children suing to collect on notes executed by their father for services rendered to him prior to his death. The court held the notes were made in consideration of past services, and, as uncompleted gifts, could not support a promise to pay for them.

Plaintiff contends a joint venture has arisen here and the rights of the parties are governed by the laws of partnership. It is unclear which parties plaintiff describes as the joint venturers. "Ordinarily, a joint venture is an association of two or more persons to carry out a single enterprise for profit [citations], and the rights and liabilities of its members are tested by the same legal principles which govern partnerships." (*Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 318, 396 N.E.2d 524.) A joint venture may be established without any specific formal agreement. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 437, 394 N.E.2d 380; *Reese v. Melahn* (1973), 53 Ill. 2d 508, 513, 292 N.E.2d 375.) However, the intention of the parties is very important (*Petry v. Chicago Title & Trust Co.* (1977), 51 Ill. App. 3d 1053, 1057, 367 N.E.2d 385), and " 'there must be a meeting of the minds' " (*Burtell v. First Charter Service Corp.* (1980), 83 Ill. App. 3d 525, 531, 404 N.E.2d 455, quoting *Electrical Contractors, Inc. v. Goldberg & O'Brien Electric Co.* (1975), 29 Ill. App. 3d 819, 822, 331 N.E.2d 238, *appeal denied* (1975), 60 Ill. 2d 596). In addition, there must be a community of interest in the performance of the common purpose, a proprietary interest in the subject matter, a right to direct and govern the policy, and a right to joint control. (*Petry*, 51 Ill. App. 3d 1053, 1056-57.) "Some courts have said that the most important criterion of a joint venture is joint control and management of the property used in accomplishing its aims." *Electrical Contractors, Inc.*, 29 Ill. App. 3d 819, 823.

■■ In our opinion, the legal requirements for a joint venture to exist have not been met. The instant case does not involve a joint venture or a partnership. As provided in the land trust agreement above quoted, plaintiff's interest in the subject matter is limited to her "right to receive the proceeds from rentals * * *." Plaintiff has no right to direct and govern the policy or operation of the property either with Elaine Chipman or with Nicholas Prassas and the corporation.

Plaintiff also contends Nicholas Prassas was a partner from November 1974 to March 1975 and should not have received compensation for acting in the partnership business. (Ill. Rev. Stat. 1979, ch. 106½, par. 18(f).) Since we found Elaine Chipman was not a joint venturer or a partner, she had no such interests to assign. Nicholas Prassas was never a partner.

## II.

Plaintiff has appealed from the order of the trial court which provided for public sale of the trust property. Defendants have cross-appealed from this order. The trial court stated in its final order and opinion that the court could dissolve a "trust relationship" of the beneficiaries in view of the equitable power of the court "to declare a business relationship at an end when the purposes of the relationship are being defeated by deadlock." Relying on *Regas v. Danigeles* (1964), 54 Ill. App. 2d 271, 203 N.E.2d 730, *appeal denied* (1965), 31 Ill. 2d 631, the trial court then stated it had "the jurisdiction and duty to order a judicial sale of the corpus of the instant trust and, thereby, end the obvious deadlock which is defeating the purpose of the trust."

■■ We disagree. As discussed above, the plaintiff and Elaine Chipman are simply assignees entitled to receive the proceeds of the real estate. There is no deadlock in the management here as in *Regas*. Whether these litigants disagree on managerial decisions is irrelevant. There is no deadlock and therefore no need for public sale of the property.

We also note that neither party requested a sale of the property. Although the prayer for relief does not usually limit the relief obtainable (Ill. Rev. Stat. 1979, ch. 110, par. 34), "the issues of litigation are determined and governed by the pleadings of the parties." (See *Solomon v. North Shore Sanitary District* (1971), 48 Ill. 2d 309, 322, 269 N.E.2d 457.) In *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 137, 213 N.E.2d 89, the court held: "The issues in this litigation, as in all cases, are determined from the pleadings and evidence; and an issue cannot be sustained by evidence absent a corresponding pleading, or by a pleading, without supporting evidence. [Citations.]"

The parties being, strangely, in accord on this point, the portions of the judgment order providing for public sale of the property are reversed.

## III.

Plaintiff also contends her motion for a new trial based on "newly acquired evidence" should have been granted. The motion states that on January 10, 1980, after judgment was entered, plaintiff received her semi-annual financial statement from the corporation, but received no revenue for that period. A letter from the corporation stated the 1978 taxes had increased by 66 percent and a new roof was purchased for the building. Plaintiff claims this information should have been disclosed prior to judgment and when it first became known to defendants, defendants may not have taken steps to protect plaintiff's interests, and defendants may have caused a "negative cash flow."

Whether a new trial should be granted "is an exercise of discretion which should not be disturbed unless a clear abuse of that discretion is shown." (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144, 357 N.E.2d 500; *Welch v. City of Evanston* (1980), 87 Ill. App. 3d 1017, 1025, 409 N.E.2d 450; *Mitchell v. Sims* (1978), 62 Ill. App. 3d 514, 515, 379 N.E.2d 115.) A recent case, *Waltz v. Schlattman* (1980), 81 Ill. App. 3d 971, 401 N.E.2d 994, outlines the requirements for allowance of a new trial on the basis of newly discovered evidence. The evidence must (81 Ill. App. 3d 971, 977):

> "(1) appear to be of such a character that it will probably change the result if a new trial is granted; (2) have been discovered since trial; (3) be such as could not have been discovered before trial by the exercise of due diligence; (4) be material to the issue; and (5) not be merely cumulative of evidence offered at trial."

See *Serbian Eastern Orthodox Diocese for the U.S.A. and Canada v. Milivojevich* (1979), 74 Ill. 2d 574, 582, 387 N.E.2d 285, *cert. denied* (1979), 443 U.S. 904, 61 L. Ed. 2d 872, 99 S. Ct. 3096.

■■ Plaintiff's objections to additional expenditures for taxes and a new roof are similar to her complaint regarding the management fees. They further illustrate her objections to the decisions made by the corporation in managing the property. This court has decided that plaintiff's interest does not extend to the sphere of management of the business. The new issues raised by plaintiff in her motion are merely cumulative and would not change the result if the court granted a new trial. We find the trial court did not abuse its discretion in denying the plaintiff's motion for a new trial.

Accordingly, the judgment order is affirmed in all respects except that it is reversed with reference to the public sale of the property involved.

Affirmed in part and reversed in part.

McGLOON and O'CONNOR, JJ., concur.