FRANKLIN T. MORRISON *et al.*, Plaintiffs-Appellees, *v.* MIGLIORE CON-TRACTING CORPORATION *et al.*, Defendants-Appellants.

Third District   No. 82—276

Opinion filed November 5, 1982.

George F. Mahoney, III, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellants.

William Sulkin, of Chicago, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County granting a new trial on the issue of damages only to Franklin Morrison and Mary Morrison, plaintiffs-appellees, against Migliore Contracting Corporation and Anthony Perino, defendants-appellants. We granted the defendants petition for leave to appeal from the order granting such new trial.

Morrison filed a four-count complaint. The first three counts against the defendant Migliore Contracting Corporation were based respectively on theories of breach of contract, breach of implied warranty of habitability and negligence. The fourth count alleged fraud against the contracting corporation and Perino.

The facts out of which this controversy arose need not be set forth in any great detail. It is sufficient to say that Migliore built a house for Morrison on a lot owned by Migliore in a subdivision which it was developing. Perino was president and sole shareholder of Migliore. Construction of the house was completed in 1974. About two years later the purchasers began to notice defects in the house, the principal one being that the house settled about 1½ feet.

The testimony at the trial dealt with two main issues; the cause for the settling of the house and the value of the house and consequently the damages sustained by the plaintiff. Each party presented evidence relating to soil samples, top soil, underlying strata, fill and grading. That the house settled because of the subsidence of the underlying ground was conceded but the cause and knowledge of the collapse of the underlying support was disputed. Estimates of damage ranged from $40,000, based on cost of house and lot of $45,000, to $67,000.

At the close of all of the evidence the trial court directed a verdict in favor of the plaintiff and against the defendant on the issue of liability on count II, the warranty-of-habitability count, and this count was submitted to the jury on the issue of damages only. Apparently counts I and III were not submitted to the jury. All issues under count IV, the fraud count, were submitted to the jury.

The jury returned its verdict for $40,000 on count II against Migliore and a verdict on count IV in the amount of $5,000 actual damages and $500 punitive damages against both defendants.

Subsequent to the return of the verdicts the plaintiff moved for a new trial on the issue of damages only on count IV. After this motion was granted the defendants moved for a new trial on count IV on all issues which motion was denied. Neither party sought any relief with respect to the judgment of $40,000 entered on count II.

The instructions given to the jury on compensatory or actual damages were the same on both counts II and IV. Since measured by the instructions the loss to the plaintiff in terms of compensatory or actual damages was the same under either count, the amount of actual or compensatory damages should have been the same. Yet the jury returned a verdict of $40,000 as actual damages in count II and $5,000 as actual damages in count IV. It is this disparity and the possible reasons for it which prompted the plaintiff to seek a new trial on damages only and has raised the question of whether this relief was properly awarded by the trial court.

■■ The plaintiff has raised two preliminary questions arguing the trial court should not have granted any new trial because first the verdicts were not inconsistent and second, the defendant may not complain because of an unfavorable verdict which was the result of his own erroneous or confusing instructions.

We find no merit to either of the foregoing arguments. As noted earlier the instructions with regard to actual or compensatory damages on each count were the same and the elements of damage were the same. The suggestion now made by the defendant that somehow or other the elements of damage on the fraud count are different thereby rendering the verdicts consistent cannot be supported either by logic or precedent. Likewise, no claim was made by the plaintiff that any instruction was erroneous or confusing. Consequently, the plaintiff is not relying on an error which he promulgated to now seek a new trial as was the case in *Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 357 N.E.2d 500.

We now turn to the main issue which is whether the court erred in granting a new trial on the issue of damages alone or whether it should have granted a new trial generally.

In the leading case of *Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 139 N.E.2d 275, the rule is announced that where the issues of liability and damages are separable a new trial may be had on the issue of damages only where there is error with regard to the award of damages. This rule is usually accompanied by the declaration that where the award of damages appears to be a compromise between liability and damages it would be unjust to permit a retrial on the issue of damages alone. (See *Kelty v. Wiseman Construction Co.* (1976), 38 Ill. App. 3d 808, 349 N.E.2d 108, and *Gainer v. Bates* (1973), 14 Ill. App. 3d 297, 302 N.E.2d 463.) In the *Paul Harris Furniture Co.* case the court was able to look at the evidence of damages and ascertain the nature of the mistake which the jury made in its damage determination. Where the reasons for the mistakes are not

ascertainable and the court is required to speculate about the reasons for an inadequate verdict, it is difficult to avoid the conclusion that a compromise of some kind occurred.

Punitive damages are recoverable only when there is a wrongful act accompanied by aggravating circumstances such as wilfulness and wantonness, malice or oppression. (*Wetmore v. Ladies of Loretto, Wheaton* (1966), 73 Ill. App. 2d 454, 220 N.E.2d 491.) Since the judgment for compensatory or actual damages on count II has not been questioned or disputed by either party this issue has been resolved. The posture of this case on retrial is primarily an issue related to whether punitive damages should be awarded. Such damages depend solely on the nature and character of the defendants' conduct as distinguished from the loss or damage sustained by the plaintiff. The potential liability for punitive damages is so intertwined with the issue of liability itself that we do not see how these issues can be considered separable. In this connection no case has been called to our attention in which a retrial on the issue of damages alone was allowed where punitive damages were sought. Additionally, we would note the fraud count was vigorously contested, and while we agree there is sufficient evidence to support a verdict in favor of the plaintiff, we also believe it probable that a verdict in favor of defendants would have been sustained on appeal since many of the material issues were disputed and their resolution depended on how the jury viewed such issues.

Accordingly, we believe the trial court erred in granting a new trial on the fraud count limited to the issue of damages only and consequently the judgment of the circuit court of Will County is reversed and remanded with directions the plaintiff be awarded a new trial on count IV of the complaint on all issues.

Reversed and remanded with directions.

ALLOY and HEIPLE, JJ., concur.